■ In the Matter of JOANN FURLOW, Petitioner, v BARBARA BLUM, as Commissioner of New York State Department of Social Services, et al., Respondents. — Petition unanimously granted, annulling so much of the administrative deci-

sion after fair hearing of respondent Blum (State Commissioner), dated September 4, 1980, as modified and otherwise affirmed the determination of respondent Brezenoff (local agency), rendered July 11, 1978, only to the extent of remanding this matter solely for a redetermination of the proper amount of recoupment, and the administrative decision is otherwise confirmed, without costs. Petitioner and her children have been recipients of public assistance in the Aid to Dependent Children category since 1970. In 1976 petitioner was budgeted for a public assistance periodic grant of $193.93, payable semimonthly. One of petitioner's three children was fathered by one Larry Wice, a clothing peddler who contributed monetarily to petitioner's household. Petitioner married Wice on March 12, 1976, but never advised the local agency of this development. On the contrary, eight months after her marriage, in certifying her need for public assistance benefits, petitioner twice indicated on an agency application that she was unmarried, with no legal husband living anywhere. Four months later, petitioner recertified that there was no change in her marital status or other circumstances which might affect her eligibility for public assistance. Later, when the agency discovered this inaccuracy, petitioner explained to the agency that she had been "confused" by the certification questionnaire in November, 1976, and that she later indicated no change in marital status in her March, 1977 recertification because by that time she had been separated from Wice. Notwithstanding this asserted separation, Wice fathered petitioner's fourth child more than two and one-half years later, in October, 1979. The presence of a husband in the household affected the eligibility of petitioner and her children for public assistance in the category of Aid to Dependent Children (*Matter of Rosario v Blum,* 80 AD2d 511, 512). Already a recipient of public assistance for six years, petitioner in 1976 should have been well aware of the agency's need to determine accurately the number of adults residing in the household. The certification form petitioner filled out in November, 1976 is not a confusing document, especially with regard to the very clear questions concerning marital status and the identity of a living spouse. It should be noted that petitioner evidently had no trouble filling out other portions of the form with regard to herself, her children and her training program, and thus it can only be concluded that the false responses given to questions concerning marital status were made knowingly (*Matter of Mitchell v Toia,* 63 AD2d 890), and as such constituted substantial evidence for respondents' action with regard to petitioner's continuing eligibility (*Crespo v Dumpson,* 49 AD2d 873). 18 NYCRR 352.31 (d) (2) grants the agency power to recoup from current assistance grants any overpayments occasioned by a recipient's willful withholding of information with regard to income or resources. The agency initially determined that the total amount of the overpayment from 1976 through 1978 was $8,357, and the agency's plan was to recoup at the rate of $19.39 per semimonthly payment, which was within the 10% guideline established in 18 NYCRR 352.31 (d) (4). But that still does not account for the total amount of the overpayment proposed to be recouped from petitioner's future grants. A "Refund Summary" (form W-525) was prepared by the agency and submitted as evidence at the hearing, indicating an estimated total concealment of $8,357. However, there is no indication as to how this amount was determined. Indeed, the State Commissioner, in her decision after fair hearing, appeared also to be in a quandary as to the amount of overpayment to be recouped. She calculated that the entire grant from March, 1976 through July, 1978 was $6,593.62, and thus the recoupment could be no greater than that amount. She accordingly modified the agency's determination by reducing the proposed recoupment from $8,357 to $6,593.62. But these figures are still speculative at best. The

record gives absolutely no basis for the agency's valuation of the amount of the total concealment. It is not even clear from the record whether petitioner's budgeted public assistance of $193.93 represents a monthly payment, or a monthly grant in semimonthly payments. The State Commissioner merely took an unexplained agency estimate and modified it downward to another arbitrary figure, based on a rough arithmetical computation, supposed to represent petitioner's maximum grant during the 29 months of concealment of information. The agency cannot be permitted to recoup more than $8,000 from a public assistance recipient without a clearer outline as to the basis for reaching that amount. The State Commissioner's compromise attempt to modify that figure downward by nearly $2,000 is unacceptable, either as a dollar figure solution or as an approach to the problem. We are agreed that some recoupment is warranted here, limited, however, to available funds in excess of the needs of the children. What is required is a clear showing by the agency as to the basis for the amount it seeks to recoup, keeping in mind that two of petitioner's four children are not the children of Wice. Once that formula and total dollar amount are made explicit, they can be reviewed by the State Commissioner. We remand solely for that purpose. Concur — Kupferman, J. P., Sullivan, Markewich, Fein and Asch, JJ.