In the Matter of DUNHILL MFG. & DIST. CORP., Appellant, *v.* STATE PARK COMMISSION FOR THE CITY OF NEW YORK, Respondent.

First Department, October 25, 1973.

*James B. Kilsheimer, III,* of counsel (*Robert N. Kaplan* with him on the brief; *Kaplan, Kilsheimer & Foley,* attorneys), for appellant.

*A. Seth Greenwald* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

STEUER, J. We believe the disposition of Special Term should be affirmed, though not specifically on the grounds stated.

Petitioners were business tenants on property condemned by the State in eminent domain proceedings. Petitioner made an application to the respondent State Park Commission for the City of New York for moving expenses, alleging those expenses to be $63,517.01. Title vested in the State on July 7, 1969. Petitioner moved over a period of several days beginning June 2, 1970. The statute (Conservation Law, § 676-a), providing for moving expenses for a tenant of condemned property, as it read on July 7, 1969, limited the amount recoverable to $25,000. On April 24, 1970, the section was amended to allow " reasonable and necessary moving expenses." (L. 1970, ch. 249, § 7.) Respondent rejected the claim on several grounds: that the limitation of $25,000 applied because the determination date was the date of vesting of title rather than the moving date; that the application contained items of expense that were unreasonable and improper; and that petitioner owed the commission a sum for unpaid rent. Respondent conceded that the reasonable and proper expenses were at least $25,000, and has since paid that amount.

Petitioner then instituted this article 78 proceeding to require the commission to pay the balance. Special Term dismissed the petition on the ground that this was a proceeding ancillary to the condemnation of the property and that jurisdiction was in the Court of Claims. We believe that jurisdiction of any claim that petitioner may have is in the Court of Claims but that whether or not it is ancillary to and embraced in section 9 of the Court of Claims Act is unnecessary to decide.

Nothing is clearer nor better settled in our jurisprudence than that claims against the State are cognizable in the Court of Claims, and in that court only. An article 78 proceeding in the nature of mandamus is really a proceeding against an officer to require the officer to perform a ministerial act enjoined by law. No such situation is presented here. The amount to be paid and the proper interpretation of the statute are eventually questions for the court, and the resolution of those questions is not a ministerial act. Consequently, petitioner's remedy is not by way

of article 78 (mandamus) but by suit against the State. Were it otherwise, any person having a claim, liquidated or, as here, unliquidated, could proceed by way of getting a court direction to make payment.

We are not called upon to decide whether the statute in its original form or as amended has application in this situation. That should be decided if petitioner brings an action, and we express no opinion on that issue.

The judgment of the Supreme Court, entered February 23, 1973, in New York County, should be affirmed, without costs or disbursements.

LANE, J. (dissenting). Petitioner was a commercial tenant on property condemned by the State. Petitioner sought reimbursement for moving expenses in excess of the $25,000 limitation set by the applicable statute. This statute was the one in force on the date of vesting of title in the State and therefore the limitation imposed by the Commissioner was appropriate (cf. *Rose* v. *State of New York*, 24 N Y 2d 80; *Cooney Bros.* v. *State of New York*, 24 N Y 2d 387).

We must also note that this proceeding was the appropriate vehicle to challenge the respondent's determination. Article 78 proceedings traditionally have been used to compel an administrative agency to perform its duties, such as rendering a determination on pending applications (*Matter of Stuart & Stuart* v. *New York State Liq. Auth.*, 29 A D 2d 176). However, the courts have also used this same procedure to review abuses of discretion (*Matter of Council of Supervisory Assns.* v. *Board of Educ. of City of N. Y.*, 23 N Y 2d 458; *Matter of Farina* v. *State Liq. Auth.*, 20 N Y 2d 484; *Matter of Delicati* v. *Schechter*, 3 A D 2d 19), matters involving the " substantial evidence " rule (CPLR 7804, subd. [g] ; *Matter of Griffith & Boyd* v. *Wyman*, 39 A D 2d 874), as well as interpretation of existing laws as applied by an administrative agency (*Matter of Galaxy Coffee Shop* v. *Hostetter*, 32 A D 2d 946; *Matter of Howard* v. *Wyman*, 28 N Y 2d 434).

The case at bar involves the last category. The respondent commission applied a $25,000 limitation on refundable moving expenses. The commission applied the statute in force at the time title vested in the State rather than the statute in effect at a later date, as petitioner sought (cf. *Cooney Bros.* v. *State of New York*, 24 N Y 2d 387, *supra*). Although the merits were not reached at Special Term, this court may now determine the issue of law outstanding; namely, that the statute imposing the $25,000 limitation is the applicable one. Since this court has the power to determine all the issues of law before it (cf. *Matter of 125 Bar*

*Corp.* v. *State Liq. Auth.*, 24 N Y 2d 174), it will do so rather than remand to Special Term.

Since the correct statute was utilized, the ultimate result of dismissing the petition was correct. Special Term erred solely on the *grounds* for dismissal. Dismissal is mandated not for lack of jurisdiction but because, as a matter of law, petitioner is not entitled to the relief sought. Accordingly, the judgment dismissing the petition should be modified on the law to the extent of declaring that the limitation of liability is $25,000 and otherwise affirmed.

Murphy and Tilzer, JJ., concur with Steuer, J.; Lane, J., dissents in an opinion, in which Stevens, P. J., concurs.

Judgment, Supreme Court, New York County, entered on February 23, 1973, affirmed, without costs and without disbursements.