█ In the Matter of RICHARD J. ADAMS, Appellant, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.—Judgment unanimously affirmed, without costs and without prejudice, in accordance with the following memorandum: We affirm the dismissal of this article 78 proceeding but on a ground different from that stated at Special Term. Special Term dismissed petitioner's article 78 proceeding in which he sought to recover money damages primarily for lost wages as a result of an unlawful discharge as a civil service employee, holding that an article 78 proceeding was not the proper form in which to pursue the recovery of monetary damages when the right to reinstatement had already been judicially determined in a prior article 78 proceeding. We cannot agree. An article 78 proceeding should not be dismissed solely because of petitioner's error in choosing between the form of a special proceeding and an action at law *(Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400; *Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34). Once a court has obtained jurisdiction over all of the parties, a civil judicial proceeding should not be dismissed solely because it was not brought in the proper form, but the court should make whatever order is required for its proper prosecution (CPLR 103, subd [c]). In view of the fact that there was no claim that the court lacked personal jurisdiction over the parties, it had the power to convert this special proceeding into an action at law. This claim for monetary damages against respondent New York State Civil Service Commission, however, may not be pursued in Supreme Court, but must be pursued in the Court of Claims (Court of Claims Act, § 9, subd 4; see, 8 Weinstein-Korn-Miller, NY Civ Prac, par 7806.01). Regardless of its undoubted power to convert, Special Term lacked subject matter jurisdiction in this article 78 proceeding and, therefore, the petition must be dismissed. The fact that petitioner first established in a prior article 78 proceeding his right to reinstatement to his full civil service status without seeking damages in that proceeding does not serve now to bar him from seeking damages. CPLR 7806 provides that "damages granted to the petitioner must be incidental to the primary relief sought by the petitioner". This statutory language limits the recovery of damages in a special proceeding to those damages demanded in the proceeding in which the primary relief is simultaneously sought. This language should not be construed, however, as compelling a waiver of damages should petitioner elect not to establish them along with his right to primary relief in an article 78 proceeding (see *Toscano v McGoldrick,* 300 NY 156). Once petitioner established that he had been unlawfully removed from his job and procured a court order, affirmed by

this court (42 AD2d 1026), directing reinstatement, he became entitled to apply for a court order under the provisions of section 77 of the Civil Service Law to receive the salary or compensation to which he would have been entitled but for such unlawful removal. Because we find no support in this record for any claim that petitioner has failed to state a cause of action by reason of a waiver thereof, we affirm the dismissal of his article 78 proceeding in Supreme Court without prejudice to petitioner instituting an action at law in the Court of Claims, if he be so advised. (Appeal from judgment of Cayuga Supreme Court in article 78 proceeding to recover damages following reinstatement to position.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.