JOHN TERRANOVA et al., Respondents, v STATE OF NEW YORK, Appellant.—Order unanimously affirmed, with costs. Memorandum: The State appeals from an order of the Court of Claims denying its motion to dismiss claimants' claim for the expenses of moving their fixtures and personal property to a new business site after the appropriation of their real property by the State. At the trial of the claim for compensation for their real property the court severed the matter of their expenses of moving the fixtures and personalty. After the award was made for the real property claimants filed this claim for their expenses in moving the fixtures and personal property. The State moved to dismiss the claim on the ground that the Court of Claims lacks jurisdiction; and from the order denying that motion, the State appeals. The State now concedes that the Court of Claims has jurisdiction to determine the expenses of moving the fixtures, and has modified its appeal to request that such issue be remitted to the Court of Claims for trial, but still demands that the issue of the expenses of moving claimants' personal property be dismissed for lack of jurisdiction in the Court of Claims to hear it. Even if we were to hold that the State's position is correct, there would be no need to remit the issue of the cost of moving the fixtures to the Court of Claims, because that court has retained that issue. The State's position is that this proceeding is founded on the original appropriation of claimants' real property by the Commissioner of Transportation under subdivision 2 of section 30 of the Highway Law which does not authorize him to appropriate personal property (except for junk on appropriated junkyard land). The State acknowledges that the Court of Claims has jurisdiction to award damages for real and personal property appropriated by the State (Court of Claims Act, § 9, subd 2), but asserts that no personal

property has been appropriated in this case. The issue, therefore, is only with respect to claimants' expenses of moving the personal property. Under the statute (Highway Law, § 30, subd 13-b) and the regulations thereunder (17 NYCRR 101.1, 101.2 [i], 101.3 [e], 101.11) claims for expenses of moving personal property, but not fixtures, may be presented to the commissioner who may take proof thereon and authorize the Comptroller to pay the amount which the commissioner finds reasonable and due under the law. In case claimants are dissatisfied with the commissioner's determination, the regulations provide for administrative review. In *Matter of Dunhill Mfg. & Dist. Corp. v State Park Comm. for City of N. Y.* (42 AD2d 442, affd 35 NY2d 657) it was held that despite such regulations for administrative review, an article 78 proceeding will not lie to review and annul the administrative determination, but that where such matter of evaluation of claim is involved, only the Court of Claims has jurisdiction thereof. The State contends that the *Dunhill* ruling was correct insofar as it concerned the cost of moving fixtures (citing *Rose v State of New York,* 24 NY2d 81), but was erroneous with respect to the cost of moving personal property. The State argues that one of the purposes of subdivision 13-b of section 30 of the Highway Law and the regulations thereunder was to give claimants an expeditious means of having their costs of removing the personal property determined administratively and paid; that the issue of value of such property is not involved in such determination as it is with respect to fixtures (see *Rose v State of New York,* 24 NY2d 81, 88–90, *supra);* and that since no taking of property is involved, the Court of Claims does not have jurisdiction. Regardless of such arguments, since claimants do not seem interested in pursuing their administrative rights for redress, the question is whether that is their exclusive remedy. In *Dunhill (supra),* the court held that it was not. We agree. Although the State's argument is a good legalistic one, it is not practical. Frequently in cases of this sort questions are presented as to whether the property at issue is a fixture or personal property. By having the Court of Claims assume jurisdiction to determine the total moving costs of both fixtures and personal property that issue may be avoided; or, if need be, at least decided by one tribunal. The Legislature and the courts have determined that the matter of an owner's expenses of moving his fixtures and personal property are sufficiently related to the appropriation of real property to warrant the Court of Claims taking jurisdiction to make necessary adjudication. (Appeal from order of Court of Claims—motion to dismiss claim.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.