■ In the Matter of MARGARITA ROSARIO, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Determination by Commissioner of the State of New York Department of Social Services, dated March 30, 1979, after fair hearing, affirming the decision of the New York City Department of Social Services

(agency) to terminate petitioner's grant of assistance unanimously confirmed, without costs or disbursements, and petitioner's claim for damages denied. Petitioner and her two minor children were recipients of a grant of aid to dependent children. On October 11, 1978, petitioner was notified that her grant was being terminated because she had failed to provide information regarding her husband's presence in the household. Thereafter, on December 29, 1978, after petitioner and her children had been restored to assistance, the agency advised her that the grant would be discontinued, effective January 8, 1979, because "your husband is living in the household." At a fair hearing petitioner challenged these determinations, as well as the agency's failure to provide public assistance for the second semi-monthly issue in September, 1978, before the October 11, 1978 notice, and to provide a rent allowance in December, 1978 after the case had been reopened. The respondent State commissioner affirmed the agency's determination to terminate the grant on October 11, 1978, whereupon petitioner, citing numerous due process violations, commenced this article 78 proceeding in which she seeks not only annulment of the administrative determination but damages in the sum of $10,000 and an award of counsel fees based on an alleged deprivation of her constitutional and statutory rights. (US Code, tit 42, §§ 1983, 1988.) We find substantial evidence in this record that petitioner's husband was living in the household. She had opened a savings bank account to facilitate his entry into this country from the Dominican Republic on March 26, 1977. Immigration records disclosed that the husband had sought entry to be reunited with his wife, petitioner. The husband was employed at $175 per week, listing petitioner's address as his residence, and claimed her and the two children as dependents for tax purposes. Contact with the husband's mother in the Dominican Republic confirmed that he was living in New York with his wife and two children at an address concededly used by petitioner. A co-worker of the husband told an agency representative that he had visited the husband at petitioner's current address and found petitioner and the two children present. Petitioner told the agency representative that she had not seen her husband nor been in touch with him since she left the Dominican Republic. At the hearing she denied seeing him since his arrival in the United States or even knowing of his whereabouts. The hearing officer rightfully refused to credit her denial. The public assistance grant for the benefit of petitioner and her two children was properly discontinued inasmuch as petitioner had failed to furnish information which was necessary to enable the agency to establish continuing eligibility. *(Grespo v Dumpson,* 49 AD2d 873, 874.) We do not read *Matter of Gunn v Blum* (48 NY2d 58) as mandating a different result. That the husband was no longer absent would affect the eligibility of petitioner and her children for an ADC grant. (18 NYCRR 369.2.) The agency's withdrawal of its December 29, 1978 notice of discontinuance, after petitioner and her children had been restored to assistance on November 27, 1978, because of "lack of documentation" does not impair the finding as to the October 11, 1978 notice. Although petitioner's entire public assistance grant was terminated in the latter part of September, 1978, without advance notice, the evidence discloses that her needs were met through the closing of her case on October 11, 1978. Inasmuch as petitioner had not paid rent since August 8, 1978, and had, prior to the fair hearing, vacated her apartment without paying the rent due, petitioner was not entitled to a rent allowance for the period in question. (18 NYCRR 352.3 [a].) Quite apart from the lack of merit of petitioner's claim for damages and counsel fees, we also believe that a plenary action for money damages against the State constitutes an

impermissible intrusion in an article 78 proceeding seeking review of an administrative fair hearing decision. (See *Matter of Dunhill Mfg. & Dist. Corp. v State Park Comm. for City of N. Y.,* 35 NY2d 657, 658.) In addition to the procedural impropriety of the interposition in this article 78 proceeding of the claim under section 1983 of title 42 of the United States Code, we note that the allegations of damage are too conclusory to raise a triable issue of fact under CPLR 7804 (subd [h]) and that an award of attorneys' fees under section 1988 rests in the discretion of the court. In the circumstances, we do not think this would be a proper case to award attorneys' fees. Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Lynch, JJ.