STRATFORD PLACE CORP. and Solil Management Corp., Plaintiffs,

v.

James CAPALINO, or his successor in office as Commissioner of General Services of the City of New York, and Edward I. Koch, Harrison J. Goldin, Carol Bellamy, Andrew S. Stein, Stanley Simon, Howard Golden, Donald Manes, and Anthony R. Goeta, or their successors in office, constituting the members of the Board of Estimate of the City of New York, and the City of New York, Defendants.

No. 82 Civ. 1610 (RLC).

United States District Court, S.D. New York.

Sept. 21, 1983.

Costigan, Hyman & Hyman, P.C., Garden City, N.Y., for plaintiffs; George B. Costigan, Jr., Dale Allinson, Garden City, N.Y., Harvey Zeichner, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; Robert Bergen, Susan Wagner, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiffs have brought this action to declare null and void New York City's ("The City") interest in their property and for damages for the defendants' alleged violation of plaintiffs' constitutional rights. Defendants have moved for summary judgment pursuant to Rule 56, F.R.Civ.P., on the grounds that the action is barred by *res judicata*. The facts and procedural history of this case were treated recently in *Stratford v. Capalino*, 82 Civ. 1610, slip op. (Oct. 25, 1982), where the court denied plaintiffs' motion for a preliminary injunction. There, I held that plaintiffs could not meet the requisites for a preliminary injunction and that furthermore, relief would be barred by *res judicata* and collateral estoppel. I see no reason to deviate from that position.

The dispute centers on plaintiffs' failure, since 1974, to pay taxes on property owned

on Beaver and William Streets. The amount of the unpaid taxes and interest gave the city a lien on the property in excess of $2,500,000. Plaintiffs attempted unsuccessfully to have the Board of Estimate reconvey the property. Failing to do so, they instituted an Article 78 proceeding in State Supreme Court in New York County in September, 1979. The petition was dismissed on February 21, 1980. The Appellate Division affirmed the dismissal, and leave to appeal to the New York Court of Appeals was denied on December 17, 1980. Plaintiffs' motion for reconsideration before the State Supreme Court pursuant to CPLR § 5015 was likewise denied on June 30, 1982.

■■■ Plaintiffs now contend that the issues argued here either were not raised in the state court proceedings or, if they were, were not sufficiently litigated. Specifically, plaintiffs urge that § D17–25.0 of the Administrative Code of the City of New York be declared unconstitutional on its face and as applied to them because it violates equal protection and substantive and procedural due process guaranteed by the United States Constitution. Plaintiffs' claims have no merit.

On appeal to the Appellate Division, First Department, plaintiffs raised the same issues, albeit couched in slightly different terms. There, they argued that the Board of Estimate's denial of petitioners' application for release of the City's interest in their property violated the United States Constitution because it constituted a taxing of petitioners' property without due process of law. The First Department found that denial of the application was not arbitrary and capricious and was not a taxing of plaintiffs' property without due process of law.

Plaintiffs also alleged that the Board of Estimate had formulated a policy excluding a class of applicants from the right to obtain a release of the City's interest in their *in rem* foreclosure of the acquired property and that this willful "class exclusion" was obvious from the type of forms used for *in rem* foreclosures. *See* Defendants' Exhibit M at 31, fn. 15. This argu-

ment was similarly dismissed by the First Department.

In New York, principles of *res judicata* will apply "in any subsequent action involving the same cause of action not only as to those issues which were actually litigated but also as to any issues which might have been, but were not, litigated in the earlier action." *Winters v. Lavine,* 574 F.2d 46, 56 (2d Cir.1978). Furthermore, under the transactional analysis approach, used in New York, all claims arising from the same transaction are precluded once a final judgment is rendered even if they are based upon different theories or seek a different remedy. *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 355, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981). Plaintiffs' attempt to re-denominate their claims under the rubric of "equal protection" and "due process" is to no avail, as these issues concededly arise from the same transaction, involve the same proof and are premised on the same relief. Hence, defendants' motion for summary judgment is granted.

IT IS SO ORDERED.