Lazaro SAUMELL, Plaintiff,

v.

The NEW YORK RACING
ASSOCIATION, INC., et
al., Defendants.

No. 84 Civ. 2874.

United States District Court,
E.D. New York.

Jan. 18, 1985.

Joseph A. Faraldo, Kew Gardens, N.Y.,
for plaintiff.

Cahill, Gordon & Reindel, Thoms F. Cur-
nin, New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff in this action, a jockey licensed
to participate in thoroughbred race meets,
seeks compensatory and punitive damages
under 42 U.S.C. § 1983 for the allegedly
unlawful acts of the defendants, the New
York Racing Association, Inc. ("NYRA")
and certain of its officials, in excluding
plaintiff from NYRA's racetracks. De-
fendants have moved under Rule 56(b) of
the Federal Rules of Civil Procedure for
summary judgment dismissing plaintiff's
complaint. Plaintiff has cross-moved for
partial summary judgment holding defend-
ants liable for depriving plaintiff of due
process rights guaranteed by the Four-
teenth Amendment of the Constitution.
For the reasons that follow, defendants'
motion for summary judgment dismissing
the complaint is granted, and plaintiff's
cross-motion for summary judgment is de-
nied.

*Background*

Defendant NYRA is a private organiza-
tion incorporated under the New York Rac-
ing, Pari-Mutuel Wagering and Breeding
Law, § 202 (McKinney 1984). NYRA owns
and operates three racetracks in the State
of New York under a franchise granted by
the New York State Racing and Wagering
Board (the "Board").

This action arises from an incident which occurred at one of NYRA's racetracks on June 22, 1981, during which plaintiff was allegedly found to be in possession of an illegal electrical device used to affect the speed or conduct of a race horse. As a result of this incident, NYRA denied plaintiff access to its tracks. The facts surrounding this incident and plaintiff's expulsion from NYRA's tracks are summarized in a previously issued opinion of the New York Court of Appeals. *See Saumell v. New York State Racing Association*, 58 N.Y.2d 231, 460 N.Y.S.2d 763, 447 N.E.2d 706 (1983).

Plaintiff commenced the earlier state court proceeding by filing a petition under Article 78 of the New York Civil Practice Law and Rules ("CPLR"), seeking injunctive relief, but not damages, against both NYRA and the Board. The petition alleged that NYRA's actions in purportedly revoking plaintiff's jockey license "divested [plaintiff] of rights guaranteed me by the Federal Constitution and continues to divest, in direct violation of 42 U.S.C. Sec. 1983...." Exh. A to the Aff. of Thomas F. Curnin. The proceeding culminated in a decision of the New York Court of Appeals, which held that NYRA's exclusion of plaintiff from its facilities without a prior hearing violated plaintiff's due process rights guaranteed by the Federal Constitution. The court affirmed an order of the Appellate Division enjoining NYRA from taking any action impeding plaintiff's rights under his jockey license, but modified the Appellate Division's order so as to permit NYRA "to proceed with a hearing as to a basis for exclusion if it be so advised." 58 N.Y.2d at 243, 460 N.Y.S.2d 763, 447 N.E.2d 706.

*Discussion*

The primary question raised by these motions for summary judgment is what preclusive effect should be accorded to the decision of the Court of Appeals in the prior proceeding between plaintiff and NYRA. Defendants argue that the prior proceedings should be accorded full preclusive effect, thereby requiring a determination that this action is barred by res judica-

ta (also known as "claim preclusion"). Plaintiff contends that under the doctrine of collateral estoppel (also known as "issue preclusion"), the prior proceedings bar only relitigation of the question of liability in this case, permitting the action to proceed for the purpose of fixing damages under § 1983.

The Supreme Court recently stated that § 1983 "does not override state preclusion law and guarantee [an individual] a right to proceed to a judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." *Migra v. Warren City School District Board of Education*, — U.S. —, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). The court held that a "state court judgment in this litigation has the same claim preclusive effect in federal court that the judgment would have in the ... state courts." *Id.* Under *Migra*, this Court must determine what preclusive effect New York state courts would accord to the prior Article 78 proceeding.

In *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159, 445 N.Y.S.2d 687, 688 (1981), the New York Court of Appeals set forth New York's law of res judicata:

This State has adopted the transactional analysis approach in deciding res judicata issues.... Under this address [sic], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.

This approach has been described as a "pragmatic test, which sees a claim or cause of action as 'coterminus with the transaction regardless of the number of substantive theories or variant forms of relief.'" *Smith v. Russell Sage College*, 54 N.Y.2d 185, 192, 429 N.E.2d 746, 749, 445 N.Y.S.2d 68, 71 (1981).

In the present case, the prior action was a "special proceeding" brought under Article 78 of the CPLR, the required procedure for actions in New York state courts

against a "body or officer" of state or local government. CPLR §§ 7801, 7802. Plaintiff concedes that the "prior proceeding concerned the same series of transactions" that form the basis of the present action. ¶ 2, Plaintiff's "Counterstatement & Statement Pursuant to Rule 9."[1] However, plaintiff maintains that the damages sought here could not have been recovered in the Article 78 proceeding and therefore that proceeding should not preclude the present action for damages.

CPLR § 7806 provides that in an Article 78 proceeding,

> [a]ny restitution or damages granted to the petitioner must be incidental to the primary relief sought by petitioner, and must be such as he might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity.

Plaintiff cites three cases which purportedly stand for the proposition that, under CPLR § 7806, the type of general damages sought in the present action could not be recovered in an Article 78 proceeding. *See Leisner v. Bahou*, 97 A.D.2d 860, 469 N.Y. S.2d 255 (3d Dept.1983), *appeal dismissed* 61 N.Y.2d 985, 463 N.E.2d 623, 475 N.Y. S.2d 282 (1984), *cert. denied,* — U.S. —, 105 S.Ct. 595, 83 L.Ed.2d 704 (1984); *Rosario v. Blum*, 80 A.D.2d 511, 435 N.Y.S.2d 596 (1st Dept.1981); *Williams v. Codd*, 459 F.Supp. 804 (S.D.N.Y.1978).

I do not find these cases compelling on the question of whether § 1983 damages are recoverable in an Article 78 proceeding. In *Leisner*, the petitioner brought an Article 78 proceeding to annul a determination of the State Civil Service Commission affirming an unsatisfactory job performance rating, and also seeking damages for al-

leged violations of 42 U.S.C. § 1985, the Fourteenth Amendment and § 106 of the New York Civil Service Law. The court dismissed the claims for damages under § 1985 and the Fourteenth Amendment, finding them "independent causes of action not incidental to the primary relief of annulling the determination of the Civil Service Commission. [Citing CPLR 7806].... Moreover, claims [for monetary damages] against the State and its officers based on acts in their official capacity must be brought in the Court of Claims (Court of Claims Act, § 9)." 97 A.D.2d at 860–61, 469 N.Y.S.2d 258. Thus, the court's decision was based in part on a lack of subject matter jurisdiction.[2] Furthermore, the claim for relief under § 1985 required proof of a conspiracy to deny petitioner his civil rights, facts unrelated to the primary relief sought under Article 78. *Leisner* does not conclusively establish that § 1983 damages are not recoverable in an Article 78 proceeding.

In *Rosario*, the Article 78 petitioner sought to annul the termination of her grant of Aid to Dependent Children benefits, and also sought damages under § 1983. This case, like *Leisner*, does not squarely address the propriety of awarding § 1983 damages in an Article 78 proceeding. The court in *Rosario* dismissed the petitioner's § 1983 claim on the merits, but then ambiguously noted that "we also believe that a plenary action for money damages against the state constitutes an impermissible intrusion in an Article 78 proceeding seeking review of an administrative fair hearing decision. (See *Matter of Dunhill Mfg. & Dist. Corp. v. State Park Comm. for City of N.Y.*, 35 N.Y.S.2d 657, 658, 360 N.Y.S.2d 421, 318 N.E.2d 610)." 80 A.D.2d at 512–13, 435 N.Y.S.2d at 598.[3]

---

1. In a revision of the local rules effective October 26, 1983, the former Rule 9(g) was replaced by the new Rule 3(g) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2. Under § 9 of the Court of Claims Act, actions for monetary damages against the New York State Civil Service Commission "may not be pursued in the Supreme Court, but must be

pursued in the Court of Claims." *Adams v. New York State Civil Service Commission*, 51 A.D.2d 668, 378 N.Y.S.2d 171, 173 (3d Dept.1976). The New York State Supreme Court lacks subject matter jurisdiction over such claims. *Id.*

3. In *Dunhill*, a business tenant of property which was appropriated by the state brought an Article 78 proceeding to recover the difference between its actual moving expenses and the

In the third case cited by plaintiff, *Williams v. Codd,* the court noted that it is not clear whether the New York courts would award § 1983 damages in an Article 78 proceeding. 459 F.Supp. at 813. The court held that a prior Article 78 proceeding for injunctive relief did not preclude the later federal court action seeking damages under § 1983. The court did not apply New York's transactional approach to res judicata, as required by *Migra.* Rather, the court applied federal principles of res judicata, which required that the "identical" cause of action has been raised in both proceedings and that the federal claims have been "fully submitted . . . to the state courts" in order to invoke claim preclusion." *Id.* at 811–12. This reasoning is no longer valid in light of the holding in *Migra* that state rules of claim preclusion should be applied in determining the preclusive effect of state court proceedings in subsequent actions under § 1983.

Defendants cite two cases which imply that § 1983 damages can be recovered in an Article 78 proceeding. In *Thomas v. New York Temporary Commission on Regulation of Lobbying,* 83 A.D.2d 723, 442 N.Y.S.2d 632 (3d Dept.1981), *aff'd* 56 N.Y.2d 656, 436 N.E.2d 1310, 451 N.Y.S.2d 708 (1982), a discharged employee of a state commission brought an Article 78 proceeding seeking reinstatement and an award of damages under § 1983. The court adjudicated and dismissed the § 1983 claim on the merits. In *Stratford Place Corp. v. Capalino,* 574 F.Supp. 52 (S.D.N.Y.1983), *aff'd* 742 F.2d 1441 (2d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 102, 83 L.Ed.2d 47 (1984), the plaintiff brought an action under § 1983 seeking declaratory relief and damages. The plaintiff had brought a previous Article 78 proceeding in state court seeking only injunctive relief equivalent to the declaratory relief sought

in federal district court. The district court dismissed the claims for declaratory relief and damages, holding that both arose from the same transactions as the earlier Article 78 proceeding and therefore both were barred under the New York rule of res judicata as set forth in *O'Brien.* 574 F.Supp. at 53, *citing O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 355, 429 N.E.2d 1158, 1159, 445 N.Y.S.2d 687, 688 (1981).

In summary, these cases demonstrate that the "right to damages under Article 78 is extraordinarily unclear, and the essential theory of liability remains obscure." 8 Weinstein, Korn & Miller, *New York Civil Practice,* § 7806.1, at 78–137 (1984). Even assuming, however, that a New York court would find that the § 1983 damages sought here are not "incidental" to the relief sought in the prior Article 78 proceeding for purposes of awarding damages under CPLR § 7806, I believe that the New York court could have converted the "special proceeding" into a "civil action" and awarded § 1983 damages in that action. CPLR § 103(c) provides that where a party has brought an action in an improper form and the court has obtained jurisdiction over the parties, the "proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." N.Y. CPLR § 103(c) (McKinney 1972). Where an Article 78 petitioner seeks a form of relief that is not technically available in an Article 78 proceeding, the New York courts invoke CPLR § 103(c) and convert the proceeding into the appropriate form of action for the requested relief. *Ellentuck v. Klein,* 570 F.2d 414, 423–24 (2d Cir.1978); *Jacobson v. NYRA,* 33 N.Y.2d 144, 151, 305 N.E.2d 765, 766, 350 N.Y.S.2d 639, 643 (1973); *Kovarsky v. Housing and Development Administra-*

---

lesser amount paid to it by the state for those expenses. 35 N.Y.2d at 658, 318 N.E.2d at 610, 360 N.Y.S.2d at 421. The Court of Appeals affirmed an order dismissing the petition, relying on the opinion of the Appellate Division. The Appellate Division had held that "petitioner's remedy is not by way of article 78 (mandamus) but by suit against the State," and "claims

against the State are cognizable in the Court of Claims, and in that court only." 42 A.D.2d 442, 443–44, 348 N.Y.S.2d 349, 351 (1st Dept.1973). Thus, in *Rosario,* the citation to *Dunhill* may imply that the court dismissed the claim for § 1983 damages because it lacked subject matter jurisdiction over damages claims against the state.

*tion,* 31 N.Y.2d 184, 192, 286 N.E.2d 882, 885, 335 N.Y.S.2d 383, 388 (1972); *Phalen v. Theatrical Protective Union No. 1,* 22 N.Y.2d 34, 41, 238 N.E.2d 295, 299, 290 N.Y.S.2d 881, 887 (1968); *Leisner v. Bahou,* 97 A.D.2d 860, 861, 469 N.Y.S.2d 255, 258 (3d Dept.1983); *Adams v. New York State Civil Service Commission,* 51 A.D.2d 668, 378 N.Y.S.2d 171, 173 (4th Dept.1976). "The improper form in which [the petitioners'] action has been brought and their failure to request the appropriate relief is not a bar to their receiving whatever relief they might be entitled to." *Phalen,* 22 N.Y.2d at 41, 238 N.E.2d at 299, 290 N.Y.S.2d at 887. Of particular note is *Leisner,* where the Article 78 petitioner sought both a declaration annulling an administrative determination and damages from an administrative officer in his individual capacity.[4] The court held that damages against the officer in his individual capacity could not be recovered in an Article 78 proceeding, but since jurisdiction had been obtained over the parties, the court converted the damages claim into an action at law and remitted the claim to the New York Supreme Court. 469 N.Y.S.2d at 258.[5]

In this case, the state courts in the Article 78 proceeding unquestionably had jurisdiction over all the parties to the action in this Court. Accordingly, I find that even if the state court had concluded that § 1983 damages could not be recovered in plaintiff's Article 78 proceeding, it could have converted the damages claim into an action at law under CPLR § 103(c) and thereafter awarded damages. I must therefore reject plaintiff's contention that he could not have recovered the damages sought here in the prior state court proceedings.

Plaintiff alternatively argues that even if he could have recovered such damages in the Article 78 proceedings, New York law permits him to seek such damages in a separate proceeding, and therefore he may recover damages in the present action. The cases cited by plaintiff do not support such a broad proposition. For example, in *Adams v. New York State Civil Service Commission,* 51 A.D.2d 668, 378 N.Y.S.2d 171, 174 (4th Dept.1976), a damages claim interposed in an Article 78 proceeding was dismissed "without prejudice to petitioner instituting an action in the Court of Claims." The court had held that it had no subject matter jurisdiction over the claim for damages against a body of the state. 51 A.D.2d at 668, 378 N.Y.S.2d at 173.[6] In the Article 78 proceedings in the present matter, by contrast, there was no such lack of subject matter jurisdiction because the claims against NYRA were not claims against the state or its officers or employees. *See* N.Y. Court of Claims Act § 9(2) (McKinney Supp.1984).

Claims for backpay raised in Article 78 proceedings challenging the discharge of employees have also been dismissed "without prejudice" where the backpay claim was not of a type ordinarily recoverable in an Article 78 proceeding *and* "more than improper form of proceeding [was] involved...." *Schwab v. Bowen,* 41 N.Y.2d 907, 908, 363 N.E.2d 341, 394 N.Y.S.2d 616, 617 (1977); *Koppman v. Board of Education of the City School District,* 95 A.D.2d 777, 463 N.Y.S.2d 390 (2d Dept.1983); *Golomb v. Board of Education of the City School District,* 92 A.D.2d 256, 261–62, 460 N.Y.S.2d 805, 808–09 (2d Dept.1983). In *Golomb,* for example, the backpay claim was dismissed "without prejudice" where the petitioner sought to have the court perform an auditing function that should have been performed first by a certain administrative officer and only thereafter reviewed by the court. 460 N.Y.S.2d at 809–10. These cases are plainly distinguishable from the present case. For even assuming again that the New York courts

---

**4.** As discussed earlier, the petition in *Leisner* also raised claims for damages under 42 U.S.C. § 1985 and the Fourteenth Amendment.

**5.** The court also affirmed the dismissal of part of the claim for declaratory relief, and remitted the remaining portion of that claim for a "separate plenary trial." *Id.* at 259.

**6.** *See* footnote 2 *supra.*

would have found that plaintiff's request for § 1983 damages was "not incidental" to his claim for injunctive relief under Article 78, nothing more than improper form would have been involved; the claim for damages would otherwise have been ripe for adjudication in that state court. Furthermore, plaintiff never interposed any such claim for damages, nor did the Court of Appeals expressly state that its decision was without prejudice to plaintiff later instituting a separate action for damages. Accordingly, I believe that the New York State courts would not permit plaintiff to commence a separate action for the damages sought here after the Article 78 proceedings had been terminated.

In conclusion, I find that plaintiff brought an earlier Article 78 proceeding for injunctive relief on claims that arose from the same series of transactions as the present case. Plaintiff could have interposed a claim for damages in the prior action. Even if the state court concluded that such a claim for damages was technically inappropriate in an Article 78 proceeding, the court could have invoked CPLR 103(c) to convert the damage claim into an action at law. Under the broad transactional approach to res judicata set forth in *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 429 N.E.2d 1158, 445 N.Y.S.2d 687 (1981), plaintiff's present claim for damages under § 1983 is barred by the conclusion of the prior Article 78 proceeding even if the claim is based upon a different theory and even if a different remedy is sought. *Cf. Stratford Place Corp. v. Capalino*, 574 F.Supp. 52, 53 (S.D.N.Y.1983), *aff'd* 742 F.2d 1441 (2d Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 102, 83 L.Ed.2d 47 (1984) (conclusion of an Article 78 proceeding for injunctive relief bars a later § 1983 action in federal court for declaratory relief and damages).

Accordingly, defendant's motion for summary judgment dismissing plaintiff's complaint is granted. Plaintiff's motion for partial summary judgment is denied.

SO ORDERED.