**Lynne CLOW, Plaintiff,**

v.

**William DEILY, Individually and as former Police Commissioner of the City of Hudson; and the City of Hudson, New York, Defendants,**

**The CITY OF HUDSON, Defendant/Third–Party Plaintiff,**

v.

**Brian H. BREEDLOVE, Third–Party Defendant.**

**No. 95–CV–193 (FJS).**

United States District Court, N.D. New York.

Feb. 10, 1997.

---

Caputo, Aulisi & Skoda (Richard T. Aulisi,[1] of counsel), Gloversville, NY, for Plaintiff.

Feit, Schlenker Law Firm (Dennis B. Schlenker, of counsel), Albany, NY, for Defendant Deily.

Thuillez, Ford Law Firm (Henry Neal Connolly, of counsel), Albany, NY, for Defendant City of Hudson.

Roche, Corrigan Law Firm (Scott W. Bush, of counsel), Albany, NY, for Third-Party Defendant Breedlove.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

This is an action pursuant to 42 U.S.C. § 1983 in which Plaintiff alleges that the Defendants violated her rights under the Fourteenth Amendment to the United States Constitution.[2] Specifically, Plaintiff alleges that she was terminated from her employment as a police officer for the Defendant City of Hudson ("City") without due process of law. She seeks reinstatement, compensatory damages, and punitive damages.[3]

The City filed a counterclaim against Plaintiff alleging that she had breached an agreement with the Columbia County District Attorney, in which Plaintiff allegedly agreed to resign from her position as a police officer, and to which the City claims it was a third-party beneficiary. The City also filed a third-party complaint against Brian H. Breedlove, Plaintiff's former attorney, for allegedly violating his duties as the City's escrow agent under that same agreement. Presently before the Court are cross-motions for summary judgment by Plaintiff and the City (including Defendant Deily in his official capacity) on the issue of liability only.[4]

---

1. On October 23, 1995, Defendant Deily moved to disqualify Brian H. Breedlove and his firm Horigan, Horigan, Pennock & Lombardo, P.C. from representing Ms. Clow. However, on January 26, 1996, the Court So Ordered a stipulation substituting Mr. Aulisi for Mr. Breedlove as Plaintiff's attorney of record in this case. Therefore, Defendant Deily's motion to disqualify Breedlove is DENIED as moot.

2. Plaintiff originally alleged violations of the First and Fifth Amendments as well. However, Plaintiff's counsel withdrew those claims during oral argument on July 6, 1996, in Albany, New York.

3. As noted below, Plaintiff was reinstated by the City of Hudson Police Department on September 11, 1994. Therefore, Plaintiff's request for reinstatement is moot.

4. At the Court's April 11, 1996 Motion Calendar in Albany, the Court denied third-party Defendant Breedlove's motion to dismiss the third-

## Factual Background

The facts of this case are largely undisputed. In August of 1989, Plaintiff began her employment as a police officer for the City of Hudson. On October 31, 1990, and again on January 22, 1991, the Columbia County Grand Jury indicted Plaintiff on charges of perjury and official misconduct. Plaintiff retained Third–Party Defendant Breedlove as her defense attorney.[5] Despite the indictments, Plaintiff remained in the employ of the City Police Department, and as of January 1992, she had become a full time officer permanently appointed to that position under N.Y. Civil Service Law § 75.

On January 23, 1992, the Mayor of Hudson appointed Defendant William Deily, an attorney, to the position of Police Commissioner of the City of Hudson for a term expiring December 31, 1993. Meanwhile, a pre-trial hearing on the Clow indictments was scheduled for January 27, 1992, to be immediately followed by trial. On that date, Plaintiff, Breedlove, and Columbia County District Attorney Paul Czajka entered into plea negotiations, and ultimately reached an agreement executed by all three individuals. The agreement was embodied in a "Stipulation" signed and executed by Czajka, Breedlove, and Clow, and provided as follows:

1. The defendant agrees to resign from the Hudson Police Department and has signed an irrevocable letter of resignation to the Commissioner of Hudson Police Department, a copy of which is attached.

2. The People shall move the Court for a dismissal in the interest of justice, without prejudice.

3. Brian Breedlove, Esquire, agrees to hold the original letter of resignation in escrow for both parties until February 15, 1992, at which time he shall file same with the Commissioner of the Hudson Police Department.

4. The defendant shall cease active duty as a police officer effective immediately and continuing through February 15, 1992, either by using vacation time, leave of absence or any other lawful means.

5. Upon the Hudson Police Department's receipt of defendant's resignation letter and upon defendant's actual resignation, the People shall unequivocally and irrevocably indicate their intention not to re-present or in any way re-prosecute or re-institute the instant charges.

Clow Aff. Ex. 2. The Stipulation was executed in triplicate original. Prior to signing the Stipulation, Plaintiff signed a letter of resignation, dated January 27, 1992 and addressed to defendant Deily, in which she stated: "For personal reasons, I hereby tender my resignation from the Hudson Police Department effective February 15, 1992." Clow Aff. Ex. 1. The letter of resignation was also executed in triplicate original. Defendant Breedlove retained two copies of the letter and Mr. Czajka retained one copy of each document. That same day, January 27, 1992, Czajka moved to dismiss the indictments against Plaintiff in the interests of justice and without prejudice. The County Court granted the motion on the record and thereafter signed an Order executing its decision.

On January 28, 1992, Deily received a copy of the Order dismissing the indictments against Clow. Concerned by the fact that the dismissal was "without prejudice," Deily spoke to Defendant Breedlove concerning the disposition of the indictment.[6] Despite his concerns, Deily delivered a memorandum to Acting Chief of Police Shetsky on January

---

party complaint, and reserved decision on the City's cross-motion for summary judgment on the third-party complaint. At the Court's July 5, 1996 Motion Calendar in Albany, the Court granted the City's cross-motion for summary judgment on the third-party complaint. The Court also dismissed Plaintiff's claim against Defendant Deily in his individual capacity on the ground of qualified immunity, and reserved decision on the cross-motions for summary judgment addressed herein.

**5.** On June 6, 1991, Hon. Warren E. Zittell, Columbia County Court Judge, denied Clow's pretrial motion to dismiss the indictments holding that there was sufficient evidence presented to the Grand Jury to sustain the indictments.

**6.** The content of the discussion is disputed, but immaterial to this Memorandum–Decision and Order.

29, 1992, in which Deily ordered Plaintiff returned to full active duty. Although reinstated, Plaintiff did not thereafter show up for work. By a February 4, 1992 letter to Breedlove, Clow directed Breedlove to retain her previously executed delivered letter of resignation and not submit it to Defendant Deily as she had agreed under the terms of the Stipulation. By a February 11, 1992 letter to Chief Shetsky, Clow requested return to "full active police duty without any restrictions." Copies of the letter were apparently distributed to Breedlove and Deily. By a February 12, 1992 letter to District Attorney Czajka, Breedlove informed Czajka that he would retain the resignation letter in his file until directed otherwise by a Court of competent jurisdiction.

On February 14, 1992, Czajka delivered his copies of the Stipulation and Plaintiff's letter of resignation to Defendant Deily. In addition, Czajka provided Deily copies of Clow's February 4, 1992 letter to Breedlove, and Breedlove's February 12, 1992 letter to Czajka. Deily reviewed these materials and concluded that the agreement embodied in the Stipulation was valid and in full force and effect as of January 28, 1992. That day, Deily accepted Clow's resignation and terminated Plaintiff's employment effective the following day, February 15, 1992, on the basis of the Stipulation and Plaintiff's letter of resignation. Deily delivered his letter purporting to accept Clow's resignation to an Officer on duty at the time and instructed him to personally have it delivered to Clow's house and to provide her with a copy if she were to come into the police station.

On February 15, 1992, Deily drafted a memo to the police department informing its members that Clow was no longer a police officer. In that memo, Deily ordered that Clow be denied entry into the police station and access to other police department property. Deily also ordered officers to relieve Clow of her ID, insignia, and department property on sight.

Shortly after Plaintiff received Deily's letter purportedly accepting her resignation, she commenced an Article 78 proceeding in New York Supreme Court seeking a judgment against Deily, the Hudson Police Department, and the City of Hudson, vacating her resignation and reinstating her as a police officer. Justice Cobb of the New York State Supreme Court found that Clow's resignation was ineffective and invalid because Plaintiff had not "delivered or filed" her resignation within the meaning of New York Civil Service Law, nor had she authorized District Attorney Czajka to do so. As a result, Justice Cobb granted the petition, vacated Clow's resignation, and ordered Plaintiff reinstated with back pay and benefits retroactive to February 15, 1992, "without prejudice to any disciplinary proceedings or actions deemed warranted by respondents." Respondents appealed, and the Appellate Division, Third Department affirmed without opinion.[7] *Clow v. Deily*, 191 A.D.2d 917, 595 N.Y.S.2d 335 (3d Dep't March 18, 1993).

While the appeal of Clow's action was proceeding (and the Order reinstating her stayed), District Attorney Czajka commenced an action in New York State Supreme Court, also before Justice Cobb, seeking specific performance of the Stipulation signed by Plaintiff, Czajka and Breedlove. Czajka named Clow and Breedlove as Defendants. By Order entered February 16, 1993, Justice Cobb granted Czajka's motion for summary judgment and directed Breedlove to file Clow's letter of resignation to Deily. On or about March 1993, Breedlove delivered Clow's letter of resignation to Deily as ordered by Justice Cobb. Deily accepted Clow's resignation at that time.

Breedlove and Clow appealed Justice Cobb's February 16, 1993 Order. Deily's term as Police Commissioner expired on December 31, 1993. By an Opinion and Order dated June 23, 1994, the Appellate Division, Third Department, reversed Justice Cobb's February 16, 1993 Order, denied Czajka's motion for summary judgment, granted Breedlove and Clow's motion for summary judgment, and dismissed the complaint in the

---

7. The City was granted an automatic stay of Justice Cobb's Order during the pendency of the appeal.

Czajka action. The Third Department held that Czajka, as District Attorney, did not have the statutory authority to seek enforcement of the Stipulation, particularly where the criminal proceeding underlying the Stipulation was dismissed before the civil action was commenced.

On September 11, 1994, the City of Hudson rehired Plaintiff as a police officer. The City remitted to Plaintiff the back pay she was due under Justice Cobb's April 24, 1992 Order in Plaintiff's Article 78 Proceeding. The back pay apparently covered the period from the day Defendant Deily improperly accepted Plaintiff's letter of resignation, February 15, 1992, until the day Breedlove tendered Plaintiff's letter of resignation in March 1993 as ordered by Justice Cobb's in the Czajka action. Plaintiff maintains that she has received only a "portion" of her back pay and has yet to receive allocated retirement time and sick leave time. Plaintiff also seeks back pay and benefits for the period between the delivery and acceptance of her letter of resignation in March 1993, and her reinstatement on September 11, 1994. This action was filed February 13, 1995.

**Discussion**

Under Fed.R.Civ.P. 56(c), summary judgment is warranted if, when viewing the evidence in the light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 2076, 119 L.Ed.2d 265 (1992); *Commander Oil v. Advance Food Serv. Equip.,* 991 F.2d 49, 51 (2d Cir.1993). A genuine issue of material fact is one that a reasonable fact finder could decide in favor of either party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ As stated, Plaintiff alleges that her rights under the Due Process Clause of the Fourteenth Amendment were violated when she was terminated from her position as a police officer in the City of Hudson without notice or a hearing. It is well settled that:

[w]hen a governmental employee is found to have a "property interest" in continuation of … her employment the Due Process Clause of the Fourteenth Amendment forbids discharge unless the employee is afforded a pretermination hearing. Property interests in employment "are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'"

*O'Neill v. City of Auburn,* 23 F.3d 685, 688 (2d Cir.1994) (citations omitted, second omission in original). Section 75 of New York's Civil Service Law "gives covered employees a property interest in their employment, so that they may not be terminated without notice and hearing." *Id.* (citing *Dwyer v. Regan,* 777 F.2d 825 (2d Cir.1985), *modified,* 793 F.2d 457 (2d Cir.1986), and *Berns v. Civil Service Comm'n,* 537 F.2d 714, 716 (2d Cir. 1976), *cert. denied,* 430 U.S. 930, 97 S.Ct. 1549, 51 L.Ed.2d 774 (1977)).

In this case, it is undisputed that Plaintiff had a property interest in her continued employment as a police officer for the City of Hudson pursuant to N.Y. Civil Service Law § 75. It is also undisputed that Plaintiff was removed from her position without a hearing and without any advance notice, the day Defendant Deily accepted Plaintiff's letter of resignation delivered by Czajka on February 15, 1992. Notwithstanding these undisputed facts, the Defendants argue that they are nevertheless entitled to summary judgment on Plaintiff's due process claims.

The Defendants make three arguments in support of their motion for summary judgment. First, the Defendants argue that Plaintiff's due process claims are barred by the doctrine of res judicata because she seeks damages arising from the same transaction and occurrence underlying her successful Article 78 proceeding. Second, the Defendants argue that · even if Plaintiff's claim is not barred by res judicata, Plaintiff's due process claims must fail because she voluntarily relinquished her property interest by executing and delivering the letter of resignation to her attorney in escrow pursuant to the Stipulation. Finally, the Defendants argue that even if Plaintiff did not

voluntarily deprive herself of her property interest, Plaintiff's Article 78 proceeding afforded her a constitutionally adequate post-deprivation remedy. Specifically, Defendants argue that Deily's acceptance of the improperly tendered letter of resignation in February 1992 was the type of random, unauthorized conduct of a state employee that renders normally mandatory pre-deprivation procedures impracticable. The Court will address these arguments *seriatim.*

## I. Res Judicata

■ As stated, the Defendants first argue that Plaintiff's due process claims are barred by the doctrine of res judicata (or claim preclusion), because Plaintiff seeks damages arising from the same transaction or occurrence underlying her successful Article 78 proceeding. Under the Constitution's Full Faith and Credit Clause, a federal court must give the same preclusive effect to a state court judgment as that state would give it in a subsequent proceeding. *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) (citing *Migra v. Warren City Sch. Dist.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1988)); U.S. Const. Art. IV. § 1. It is well settled that New York courts would not bar an action seeking damages for a violation of civil rights based on a prior action brought pursuant to Article 78. *Antonsen v. Ward,* 943 F.2d 198 (2d Cir.1991) (finding police officer's claim for damages under the Rehabilitation Act not precluded by previous Article 78 proceeding arising out of same "factual grouping"). That is precisely the situation in this case. Therefore, the Court finds that Plaintiff is not precluded from bringing her due process claims against the City and Defendant Deily.[8]

## II. Voluntary Relinquishment of Property Interest

■ Next, the Court turns to the Defendants' argument that Plaintiff voluntarily relinquished her property interest in continued employment as a police officer for the City of Hudson by executing and delivering the letter of resignation to Breedlove in escrow under the terms of the Stipulation. The Defendants argue that Plaintiff's letter of resignation, signed January 27, 1992 and addressed to Defendant Deily, was effective February 15, 1992 and could not be withdrawn without Defendant Deily's approval pursuant to N.Y.Pub.Off. Law § 31(4).[9] Since Justice Cobb addressed this issue in Plaintiff's prior Article 78 proceeding, the Court must determine whether it is bound by this ruling under the doctrine of collateral estoppel (or issue preclusion).

In Plaintiff's prior Article 78 proceeding, the dispositive issue was whether Plaintiff's execution of the Stipulation and letter of resignation, and Czajka's subsequent delivery of those items to Defendant Deily, constituted a valid resignation under New York law. As stated, it is well settled that "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra,* 465 U.S. at 81, 104 S.Ct. at 896 (1984); *see* 28 U.S.C. § 1738. "Under New York law, the doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same.'" *Burgos,* 14 F.3d at 792 (quoting *Ryan v. New York Telephone*

**8.** The Defendants also cite *Saumell v. New York State Racing Assoc., Inc.,* 600 F.Supp. 819 (E.D.N.Y.1985), in support of their argument that Plaintiff's claim is barred by res judicata. In *Saumell,* the Court held that the Plaintiff was barred from bringing his § 1983 claims alleging violation of the Fourteenth Amendment because Plaintiff's previous Article 78 petition could have been converted into a plenary civil action under N.Y.C.P.L.R. 103(c). *Id.* at 824. However, the Second Circuit expressly rejected the *Saumell* reasoning in a later decision involving the pre-clusive effect of Article 78 proceedings on a sub-sequent civil rights action seeking compensatory damages. *See Davidson v. Capuano,* 792 F.2d 275, 280–81 (2d Cir.1986). Therefore, the Court finds that this argument lacks merit.

**9.** Section 31(4) provides: "[a] resignation delivered or filed pursuant to this section, whether effective immediately or at a specified future date, may not be withdrawn, canceled, or amended except by consent of the officer to whom it is delivered or body with which it is filed."

*Co.*, 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)).

In Plaintiff's prior Article 78 proceeding, Justice Cobb found that Plaintiff's execution of the Stipulation and letter of resignation and Czajka's subsequent delivery of those items to Defendant Deily, did not constitute a valid resignation because Plaintiff's letter was not properly "filed or delivered" as required by New York law. Since this issue was clearly raised in that prior proceeding, and both Deily and the City of Hudson had a full and fair opportunity to litigate this issue in that prior proceeding, this Court is bound by that decision and the Defendants may not relitigate that issue. Therefore, the Court finds that Plaintiff did not voluntarily relinquish her property interest on February 15, 1992, because Czajka's delivery of Plaintiff's letter of resignation on February 14, 1992 was not a valid "filing or delivery" under New York Civil Service law.

■ However, because Plaintiff also seeks back pay and benefits for the period between Breedlove's March 1993 delivery of her letter of resignation to Defendant Deily and her September 11, 1994 reinstatement, the Court must also determine whether Breedlove's delivery of Plaintiff's letter of resignation in March 1993 constituted a valid resignation under New York Civil Service law.[10]

■ In granting the City's motion for summary judgment on its third-party claim against Breedlove, the Court found that the escrow agreement created by the Stipulation was both valid and enforceable.[11] In the Stipulation, Plaintiff expressly agreed to execute an irrevocable letter of resignation, which Breedlove was to hold in escrow until February 15, 1992, at which time he was to file the letter with the Commissioner of the City of Hudson Police Department. Pursuant to that agreement, Plaintiff relinquished control of the letter of resignation to Breedlove, the "escrow agent."[12]

While Czajka's delivery of Plaintiff's letter of resignation was invalid under New York law because he was not authorized to deliver the letter, Breedlove's delivery of Plaintiff's letter of resignation was valid because he was expressly authorized to deliver the letter by virtue of the escrow agreement. Because the letter of resignation was properly "delivered" at that time, Plaintiff's resignation became effective and her property interest in continued employment as a police officer ceased to exist.

## III. Adequacy of State Post–Deprivation Remedy

■ Finally, the Defendants argue that Plaintiff's due process rights were not violated at all because the Article 78 proceeding instituted by Plaintiff afforded her a constitutionally adequate post-deprivation remedy. Defendants argue that Deily's acceptance of the improperly tendered letter of resignation on February 14, 1992 was the type of random, unauthorized conduct of a government employee that renders normally mandatory pre-deprivation procedures impracticable. *Dwyer v. Regan*, 777 F.2d 825, 832 (2d Cir. 1985) (quoting *Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984)).

While due process does not always require a hearing prior to the deprivation of a property interest, *see Parratt v. Taylor*, 451 U.S. 527, 540–43, 101 S.Ct. 1908, 1915–17, 68 L.Ed.2d 420 (1981), the Second Circuit has drawn a sharp distinction between the random and unauthorized acts of "lower-echelon ... employees" and the acts of "high-ranking

10. This issue was not litigated in Plaintiff's prior Article 78 proceeding.

11. As stated, the Court granted the City's motion for summary judgment on its third-party claim against Breedlove at the Court's Motion Calendar on July 5, 1996, in Albany, New York.

12. One of the essential requirements of a valid escrow agreement is relinquishment of the instrument. *See George A. Fuller Co. v. Alexander & Reed, Esqs.*, 760 F.Supp. 381, 386 (S.D.N.Y.

1991). Since Plaintiff had relinquished control of the letter, her subsequent efforts to rescind the Stipulation were invalid. Furthermore, Breedlove's motivation for delivering the letter (i.e., to comply with Justice Cobb's Order in the specific performance action brought by Czajka) does not alter its legal effect under New York law. *See Farago v. Burke*, 262 N.Y. 229, 186 N.E. 683, 684 (1933) (delivery of instrument into escrow cannot be revoked where underlying contract is supported by consideration).

... officials." *Dwyer*, 777 F.2d at 832. If the deprivation is accomplished by a "high-ranking official having final authority over the decision-making process," the act of deprivation is "not random or unauthorized within the meaning of Parratt" and its progeny. *Id.;* see also *RR Village Assoc. v. Denver Sewer Corporation*, 826 F.2d 1197, 1204 (2d Cir.1987); *Cifarelli v. Village of Babylon*, 894 F.Supp. 614, 620 (S.D.N.Y.1995). It is well settled that where a high-ranking official accomplishes the deprivation and the deprivation is foreseeable, a pre-deprivation hearing is generally required. *Dwyer*, 777 F.2d at 833; *Cifarelli*, 894 F.Supp. at 620.

In this case, Defendant Deily was the Commissioner of Police for the City of Hudson with final authority over the decision to terminate Plaintiff from her position as a police officer. As a result, the Court finds that Deily's acceptance of Plaintiff's letter of resignation in February 1992 was not the type of random or authorized act which would render normally mandatory pre-deprivation procedures impracticable under *Parratt*. Therefore, the Court finds that this argument lacks merit.

### Conclusion

In light of the foregoing, the Court finds that Plaintiff is entitled to summary judgment on her due process claims against the Defendants insofar as she is claiming that her due process rights were violated from the time Defendant Deily improperly accepted her letter of resignation on February 14, 1992, to the day Breedlove delivered Plaintiff's letter of resignation to Defendant Deily in March 1993. Plaintiff is entitled to any remaining back pay or benefits she is due for that period of time, plus any other damages she is able to prove.

However, the Court also finds that Plaintiff voluntarily relinquished her property interest in continued employment as a police officer for the City of Hudson the day Breedlove delivered, and Defendant Deily accepted, Plaintiff's letter of resignation. Thus, Plaintiff is not entitled to any back pay, benefits, or other damages from March 1993 forward. Therefore, after carefully considering the papers submitted, the arguments of

counsel, the applicable law, and the entire filed in this matter, it is hereby

ORDERED, that Plaintiff's motion for summary judgment on her due process claims is GRANTED in part and DENIED in part to the extent outlined above; and it is further

ORDERED that the Defendants' motion for summary judgment is GRANTED in part and DENIED in part to the extent outlined above.

**IT IS SO ORDERED.**