■ EMMANUEL J. YRIS, Respondent, v COMSEWOGUE UNION FREE SCHOOL DISTRICT No. 3, PORT JEFFERSON STATION, Appellant. EDWARD HAYDEN, Respondent, v COMSEWOGUE UNION FREE SCHOOL DISTRICT No. 3, PORT JEFFERSON STATION, Appellant.—In two actions to recover damages for the breach of several collective bargaining agreements, defendant appeals from two orders (one in each action) of the Supreme Court, Suffolk County, both dated April 29, 1977, each of which granted a motion by a plaintiff to dismiss the affirmative defense of failure to comply with the notice of claim provisions contained in subdivision 1 of section 3813 of the Education Law and denied a cross motion by defendant for partial summary judgment dismissing so much of a complaint as sought salary increments alleged to have been due prior to the 1975-1976 school year. Orders reversed, on the

law, without costs or disbursements, motions denied and cross motions granted. Under subdivision 6 of former section 3102 of the Education Law, school authorities were empowered, in their discretion, to grant "transfer credit" to new employees for teaching services rendered in other districts. Each year of transfer credit counted as a year of service in the district and, once granted, could not be revoked or changed in any way. Plaintiff Hayden was hired by defendant in 1959 and at that time was given 8 years of transfer credit; plaintiff Yris was hired in 1961 and was given 10 years of transfer credit. With the transfer credits, Yris reached 20 years of service in the 1970-1971 school year and Hayden reached 20 years of service in the 1971-1972 school year. The several collective bargaining agreements between the union and the defendant covering the years in question provide for payment of longevity increments to an employee's salary at the 20th, 21st, 25th and 30th years of service. It is the payment of these increments which is the subject of the dispute between the parties. In 1971, subdivision 6 of section 3102 of the Education Law was repealed (L 1971, ch 123, § 1) and the defendant took the position that, with its repeal, the transfer credits previously granted to the plaintiffs were terminated. The plaintiffs did not challenge that determination until after the Court of Appeals decided *Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist* (38 NY2d 137), holding that transfer credit granted to teachers prior to the repeal of subdivision 6 of section 3102 of the Education Law must be honored in all salary computations. On April 30, 1976 plaintiffs filed notices of claim pursuant to section 3813 of the Education Law seeking payment of their increments, starting from the 1970-1971 school year for Yris and the 1971-1972 school year for Hayden. When the district refused to pay, the plaintiffs commenced this action at law to recover the increments under the provisions of the collective bargaining agreements. The district raised the defense that so much of the plaintiffs' causes of action as requested back payments for years prior to the 1975-1976 school year were barred by the failure to file a timely notice of claim with respect thereto. The plaintiffs moved to dismiss that defense and the defendant cross-moved for partial summary judgment. Special Term held that the defendant, by virtue of article 63 of the Education Law, was under a continuing duty to pay salaries imposed and therefore that plaintiffs' claims did not accrue until a demand for payment was made upon service of the notice of claim. The "continuing duty" doctrine relied upon by Special Term has been invoked in proceedings in the nature of mandamus to prevent the application of the short Statute of Limitations from being used to protect a public official from performing a duty imposed by statute (see *Toscano v McGoldrick,* 300 NY 156; *Matter of Powers v La Guardia,* 292 NY 695; *People ex rel. O'Loughlin v Prendergast,* 219 NY 377). Here the defendant is under no statutory duty to pay salaries. When section 3102 of the Education Law was repealed in 1971, the statutory duty to pay salaries ended (see L 1971, ch 123, § 1, *supra).* The obligation to pay salaries is now purely contractual and can only be enforced by an action at law to recover damages for any breach. A timely notice of claim must be filed with respect to such monetary damages (Education Law, § 3813). The plaintiffs failed to file such a timely notice of claim with respect to the years prior to the 1975-1976 school year and, accordingly, so much of their causes of action as seeks damages for those years should have been dismissed. Martuscello, Latham and Damiani, JJ., concur; Hopkins, J. P., dissents and votes to affirm the orders, with the following memorandum: The question, as I see it, is whether the defendant was under a continuing duty to pay salary increments legally due. I do not

think that the answer to this question can be made solely by recourse to a specific statutory direction expressly embracing the relief which is sought by the complaints. First, as Mr. Justice Brennan's lucid opinion in *Matter of Van Allen v McCleary* (27 Misc 2d 81, 89-93) denotes, it is not invariable that a statutory duty per se must be the ground for relief under mandamus —the violation of a substantive rule of common law may also be the inducing cause for relief. Second, the conjoinder of a contractual duty with a statutory duty will create the occasion for the issuance of mandamus (see, e.g., *People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Walsh,* 211 NY 90, 103-104). But, more to the point, I believe that the duty of the defendant under the facts of these actions was clearly statutory. The repeal of section 3102 of the Education Law in 1971 (L 1971, ch 123, eff April 12, 1971) did not end the statutory duty to pay teachers' salaries. The defendant as a school board, is governed by the Taylor Law (Civil Service Law, art 14) under an amendment in effect in 1971 almost simultaneously with the repeal of section 3102 (Civil Service Law, § 201, subd 6, par [a], cl [iii] [L 1971, ch 503, eff June 17, 1971]). Though salaries are, of course, a matter of collective bargaining and agreement (Civil Service Law, § 204), the provisions of the Education Law still require the defendant to employ teachers (Education Law, § 1709, subd 16; §§ 3011, 3108). "But it is a duty of a school board to employ teachers and to pay them reasonable compensation" *(Syracuse Teachers Assn. v Board of Educ.,* 42 AD2d 73, 75, affd 35 NY2d 743). There is therefore a continuing duty to pay salaries* *(Matter of Powers v La Guardia,* 292 NY 695), and an action will lie to recover the salary due, though mandamus may be an alternative remedy *(Toscano v McGoldrich,* 300 NY 156, 160). As section 3813 of the Education Law, conditioning the right to recover on the service of a notice of claim, is measured by the time of the accrual of the claim, Special Term was correct in treating the demand by the plaintiff after the determination in *Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist* (38 NY2d 137) as the time of accrual. I note that we do not deal here with any issue arising out of the pertinent Statute of Limitations. Under the circumstances here presented, the plaintiffs will be done an injustice if their claims for the increments are denied pursuant to the short notice requirements under section 3813. I therefore vote to affirm the orders.

---

* At this stage of the litigation no issue as to the necessity of a protest arises (cf. *Matter of Shevlin v La Guardia,* 279 NY 649).