OPINION OF THE COURT
Gerald Adler, J.
In this CPLR article 78 proceeding, petitioner, a probationary teacher, seeks back pay for the period of her discontinuance from September 6,1977 to June 22,1978, when she was reinstated by the Chancellor.
On September 6, 1977, petitioner returned to Bryant High School and was orally informed by the principal that her services were terminated. Hearings were conducted the following January. On June 22, 1978 the Chancellor informed petitioner that he did not agree with the recommendation to terminate. In September of 1978, petitioner returned to work.
At the time that the petitioner received the Chancellor’s letter, the policy in effect at the board of education was to pay back salary to pedagogical employees who had been discontinued or denied tenure and who were subsequently *265 restored. In October of 1978, this policy was reversed without notice to the teachers’ union or to employees who were awaiting back pay. Petitioner did not become aware of the change in policy until October, 1979. A notice of claim against the board of education was executed on November 24, 1979 and received by the board of education on December 5, 1979.
The petitioner claims that the board of education’s determination not to award petitioner back pay is illegal, arbitrary, and capricious. The respondent contends that since the petitioner was a probationary employee she had no right to permanent employment and that the respondents acted completely within their discretionary authority when they discontinued petitioner’s probationary services and then offered her reinstatement.
Section 2573 of the Education Law grants a school board the authority to dismiss a probationary teacher at any time. “Such an employee has no property rights * * * and may be dismissed for almost any reason, or for no reason at all”. (Matter of Venes v Community School Bd., 43 NY2d 520, 525.) Petitioner, as a probationary employee, has no independent constitutional right to permanent employment or due process to termination (Board of Regents v Roth, 408 US 564; Longarzo v Anker, 578 F2d 469). Therefore, the only rights to which petitioner can claim entitlement are those termination reviews afforded her through the collective bargaining agreement and set forth in section 5.3.4 of the board of education by-laws.
The by-laws provide only for a posttermination administrative review proceeding to assist the Chancellor in determining the reasonableness of the recommendation that probationary services be terminated. The review proceeding is conducted by a Chancellor’s committee and results in an advisory recommendation to the Chancellor. The Chancellor is free to accept or reject the recommendation as he sees fit. He need not set forth findings or reasons for its determination (Matter of McAulay v Board of Educ., 61 AD2d 1048). Absent a showing of “stigma” or other constitutionally impermissible action by the board (Bishop v Wood, 426 US 341) (none is alleged herein) the only basis *266 under which the final determination of the Chancellor can be overturned is if under State law, it is determined to be “arbitrary and capricious”. (Matter of Kaufman v Anker, 42 NY2d 835, 836.)
Petitioner has introduced no evidence which indicates that her February 16, 1979 discontinuance or termination reviews were wrongful, illegal or improper. It is undisputed that respondents acted completely within their discretionary authority when they discontinued petitioner’s probationary employment. Respondents’ later reinstatement of petitioner was also within their discretionary authority. It was not an admission of wrongdoing or an adjudication on the merits of petitioner’s earlier discontinuance.
Petitioner has no basis for her claim to entitlement of back pay upon her reinstatement.. Neither the Constitution nor New York State law recognizes the right of a reinstated probationer to an award of back pay. An employee who has not worked has not delivered consideration for the payment of wages. Thus, in the absence of a statute requiring the payment of back pay upon reinstatement, a public body is not required to pay back wages since such a payment would be an unconstitutional gift of funds (Matter of Mullane v McKenzie, 269 NY 369, 373; see NY Const, art VIII, § 1; Matter of Boyd v Collins, 11 NY2d 228, 234).
Accordingly, the petition is dismissed.