In the Matter of MIRA GOLOMB, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.

Second Department, March 21, 1983

APPEARANCES OF COUNSEL

*James R. Sandner (Elizabeth A. Truly* of counsel), for appellant.

*Frederick A.O. Schwarz, Jr., Corporation Counsel (Francis F. Caputo* and *Larry A. Sonnenshein* of counsel), for respondents.

OPINION OF THE COURT

O'CONNOR, J.

This appeal raises the issue of the proper procedural steps to be taken by a teacher in order to recover unpaid salary for the period of an unlawful ouster after reinstatement has been voluntarily effected. We conclude that under *Yris v Comsewogue Union Free School Dist. No. 3, Port Jefferson Sta.* (63 AD2d 648, affd 55 NY2d 840), a petition seeking to recover such salary is by nature one to recover

damages for breach of contract and that a judgment for such damages alone cannot be made under CPLR article 78.

In the spring of 1977, petitioner, a probationary teacher, was notified that her high school principal and the assistant superintendent of schools for her borough had recommended her dismissal. At that point she had served but two years of the maximum three-year probationary period. On reporting to her teaching post upon the opening of school in September, 1977, the principal rejected her tender of services and refused her admission. A review committee conducted a hearing on the recommendation, and the chancellor of the city school district informed her in June, 1978 that he did not concur in the dismissal recommendation. Petitioner was allowed to return to work at the start of the 1978-1979 school year. She made a number of requests for the salary she would have been paid during the 1977-1978 school year but for her unlawful ouster by the principal that prevented her from performing her duties, and apparently she eventually invoked a provision of the collective bargaining agreement between her union and the respondent board of education. By letter dated November 1, 1979 petitioner was informed that the matter would not be discussed because it was not considered a grievance under the agreement. The letter said the chancellor had forbidden payment of back-pay claims submitted by probationary employees in cases in which a recommendation for dismissal had been "reversed" by him. Petitioner filed a notice of claim in December, 1979 and then brought this special proceeding pursuant to CPLR article 78 to recover her unpaid salary. Special Term (106 Misc 2d 264) dismissed the petition on the ground that, as a probationary employee, petitioner had no right to continue in her position and accordingly had no right to recover salary for that period. We agree with the need to dismiss the petition but we disagree that petitioner had no right to her position and to her salary.

Under recent decisions (see *Matter of Lezette v Board of Educ.*, 35 NY2d 272; *Matter of Rathbone v Board of Educ.*, 47 AD2d 172, affd on opn at App Div 41 NY2d 825; see, generally, *Sinicropi v Bennett*, 92 AD2d 309 [decided

herewith]) a probationary teacher does have certain rights. Primarily, a teacher is entitled to possession of a probationary position until ouster (whether suspension or removal) is lawfully effected, and the courts will enforce such entitlement in a special proceeding pursuant to CPLR article 78. In this regard, the only analytical distinction between a probationary teacher and a tenured teacher in respect of the specific remedy of reinstatement lies in the fact that the latter is entitled to hold a position during good behavior and is possessed of certain procedural rights established to secure that substantive right. A probationary teacher, on the other hand, merely has a right to hold a position until ousted in conformance with whatever procedures have been established for the orderly management of teaching personnel.

In this matter petitioner correctly argues, in essence, that by law (see *Matter of Brown v Board of Educ.*, 42 AD2d 702, 703), her status as a probationary teacher was terminable only by the school district's chancellor, not by her principal, who was a subordinate wholly lacking the delegated power to act upon the recommendation of dismissal. Therefore, the principal wrongfully ousted her by excluding her from her post during the 1977-1978 school year without authority. Her subsequent reinstatement by school officials, after the chancellor had rejected the dismissal recommendation, accomplished all that review by the State Commissioner of Education (see Education Law, § 310) or the courts (under CPLR article 78) could have done — except for the recovery of the unpaid salary for that period (cf. *Toscano v McGoldrick,* 300 NY 156; *Matter of Rathbone v Board of Educ., supra*).

At common law, the right to compensation, like the right to reinstatement after ouster, was an incident of tenure, and like tenure was based on status rather than contract. The government employer's duty to pay back salary upon reinstatement generally became enforceable as a clear legal right in proceedings under CPLR article 78, and its predecessors, as an alternative to an action at law in debt to recover damages for the refusal to pay. (See *Sinicropi v Bennett, supra.*)

Apparently the only unresolved question (of academic importance in most civil service back pay cases) was whether the recovery sought by the reinstated employee was of the specific *res* of unpaid salary made incident by law to the tenured position, or merely monetary restitution for the loss of the right to perform duties and to be compensated accordingly (see *Manko v City of Buffalo,* 271 App Div 286, affd 296 NY 905; *Bean v Clausen,* 113 App Div 129; cf. *Howard v Daly,* 61 NY 362, 368-370; 5 Corbin, Contracts, §§ 1095, 1110). By chapter 734 of the Laws of 1935 the Legislature abrogated the common-law rule that a government employer's payment of salary to an usurper during a period of ouster constituted a defense against the true employee's claim, and imposed liability upon the employer to pay such salary, less outside earnings, upon reinstatement (see Civil Service Law, § 77; see, also, Education Law, § 3020-a). Although unpaid salary recoveries have commonly been referred to as damages (see, e.g., *Matter of Mullane v McKenzie,* 269 NY 369, 374-375; *Matter of Adams v New York State Civ. Serv. Comm.,* 51 AD2d 668), it is not clear whether chapter 734 of the Laws of 1935 merely provided a remedy in damages for tenured civil servants who had been replaced during ouster, or whether it substituted a completely new system of compensatory damages for all tenured employees — even for those who had not been replaced and who therefore had (presumably) a common-law right to specific performance of the duty to pay their salary without any deduction of outside earnings in mitigation under a contract theory of damages (see *Kaminsky v City of New York,* 20 AD2d 692; *Sinicropi v Bennett, supra*).

The distinction is important when CPLR article 78 is invoked in an attempt to recover unpaid salary — or its equivalent in damages. Historically the party perservering in certiorari could recover restitution. A party proving that a return to his mandamus application falsely stated facts precluding relief, or successfully demurring to a truthful return, could recover those damages not only compensating for his frustrated demand for specific relief but also those special damages arising as a consequence of the original wrong (see *People ex rel. Goring v President & Bd.*

*of Trustees of Vil. of Wappingers Falls,* 151 NY 386; *People ex rel. Deverell v Musical Mut. Protective Union,* 118 NY 101, 109; *People ex rel. Aspinwall v Supervisors of Richmond,* 28 NY 112; *People ex rel. Solomon v Brotherhood of Painters, Decorators & Paperchangers of Amer.,* 169 App Div 595, revd on other grounds 218 NY 115; *People ex rel. Walker v Ahearn,* 139 App Div 88, 92-93). The consolidation of these former high prerogative writs into an article of the Civil Practice Act by chapter 526 of the Laws of 1937 authorized recovery of damages for both in section 1300 thereof (see Weintraub, Mandamus and Certiorari in New York from the Revolution to 1880: A Chapter in Legal History, 32 Fordham L Rev 681, 705; Weintraub, Statutory Procedures Governing Judicial Review of Administrative Action: From State Writs to Article 78 of the Civil Practice Law and Rules, 38 St. John's L Rev 86, 99-100, 116, 118). After one decision (*Matter of Karaffa v Simon,* 29 Misc 2d 219, revd on other grounds 14 AD2d 978) permitted recovery of lost profits as damages resulting from an improper denial of a business license, the Legislature, by section 27 of chapter 318 of the Laws of 1962, amended CPLR 7806 to require that any damages or restitution granted a petitioner be "incidental to the primary relief sought" in such special proceeding. That amendment may have been in response to the *Karaffa* decision, at least according to the Attorney-General (see *Matter of City of New York v Blum,* 98 Misc 2d 373, 379; but see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7806.01). The Court of Appeals, however, has held that the prohibition against an article 78 judgment for damages alone is more than a matter of mere procedure (see *Matter of Schwab v Bowen,* 41 NY2d 907, 908), and hence it cannot be overlooked.

Thus the issue before this court is whether a probationary teacher's special proceeding to recover unpaid salary, after reinstatement, for a period of unlawful ouster states a claim for specific relief cognizable in such a proceeding. We hold it does not.

In this court's decision in *Yris v Comsewogue Union Free School Dist. No. 3, Port Jefferson Sta.* (63 AD2d 648, affd 55 NY2d 840, *supra*) we held over a dissent by Justice HOP-KINS, that the Legislature's repeal by section 1 of chapter

123 of the Laws of 1971 of the *statutory* duty to pay teacher salaries (in apparent substitution for collective bargaining) effectively destroyed *all* rights to salary as a legal incident of tenure and replaced them with a contract right alone (cf. Civil Service Law, §§ 35, 100, subd 1, par [c]; § 130). Therefore, in the absence of any suggestion in this record that petitioner's salary was fixed by something other than contract (e.g., ordinance, regulation, or by-law), the liability of the respondents for unpaid salary in this case is purely contractual.

A contractual right, however, cannot generally be enforced against a governmental entity in a CPLR article 78 proceeding even when the relief sought is limited to payment of a debt rather than restitution for the loss of an opportunity to perform services. The injured party must bring an action at law or, if a statute, ordinance or regulation so permits, submit the claim to the proper auditing officer or body and seek review pursuant to article 78 thereafter if the audit determination is unsatisfactory (see *State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.*, 90 AD2d 51, 68-69, n 8).

The instant petition plainly does not seek review of an adverse audit by either the board's executive director, division of business and administration (By-laws of Bd of Educ of City School Dist of City of NY, § 1.10; Education Law, §§ 2580, 2590-m) or of a review of any such determination by the State Commissioner of Education (Education Law, § 310); nor does it seek to compel an appropriate officer to audit the claim. Instead, the petitioner seeks to have this court perform the auditing function by ascertaining damages sustained as a result of the breach of her right to salary attached by contract, rather than by common law or statute, to her probationary teaching position. This we cannot do.

Since more than a matter of form is involved (see *Matter of Schwab v Bowen*, 41 NY2d 907, *supra*) and the existence of a collective bargaining agreement has been raised (see *Aloi v Board of Educ.*, 81 AD2d 874; *Berlyn v Board of Educ.*, 80 AD2d 572, affd 55 NY2d 912), this court will not exercise the ameliorative power of CPLR 103 (subd [c]) to convert this special proceeding into an action.

Accordingly, the judgment appealed from should be modified, on the law, by adding thereto a provision that the dismissal of the proceeding is without prejudice to the institution of whatever other further proceedings that the petitioner may deem advisable (see *Matter of Schwab v Bowen, supra*), and as so modified, it should be affirmed.

MANGANO, J. P., GULOTTA and BRACKEN, JJ., concur.

Judgment modified, on the law, by adding thereto a provision that the dismissal of the petition is without prejudice to the institution of whatever further proceedings the petitioner may deem advisable. As so modified, judgment affirmed, without costs or disbursements.