[622 NYS2d 529]

GERALD MEYERS, Respondent, v CITY OF NEW YORK et al.,
    Appellants.

Second Department, February 6, 1995

APPEARANCES OF COUNSEL

*Paul A. Crotty, Corporation Counsel,* New York City *(Stephen J. McGrath* and *A. Orli Spanier* of counsel), for appellants.

*George V. Cornell, III,* Staten Island *(Ralph P. Cafaro* of counsel), for respondent.

## OPINION OF THE COURT

GOLDSTEIN, J.

The principal issue on this appeal involves the present-day viability of the United States Supreme Court trilogy of *Service v Dulles* (354 US 363), *Accardi v Shaughnessy* (347 US 260), and *Vitarelli v Seaton* (359 US 535), and whether they constitute a valid predicate by a discharged probationary employee for a Federal due process violation. Specifically, the question presented is whether, pursuant to these decisions, a municipal agency's failure to adhere to its own procedural rules governing a probationary employee's discharge encroaches upon the probationary employee's procedural due process rights.

■ The plaintiff, a probationary correction officer, contends that these constitutional rights were violated when the defendant New York City Department of Correction (hereinafter the DOC) offered him the choice of either resigning or being discharged without strictly adhering to certain procedures outlined in the DOC's rules and regulations. We conclude that an agency's failure to follow its own procedural rules cannot give rise to a constitutional procedural due process claim for a probationary employee. Moreover, based on the Supreme Court's more recent pronouncements in this area, the plaintiff's reliance on the trilogy of *Service, Accardi,* and *Vitarelli* is clearly misplaced.

The plaintiff was appointed to the position of probationary correction officer on August 2, 1990. On April 20, 1991, while the plaintiff was still serving his probationary period, a criminal complaint was lodged against him. This complaint charged him with assault in the third degree arising out of a street altercation which occurred earlier on that same date. On May 3, 1991, as a result of the pending criminal action, the plaintiff was served with a notice of summary suspension from duty by the DOC. On May 6, 1991, the plaintiff received a DOC memorandum of complaint (hereinafter the complaint) setting forth several administrative disciplinary charges against him. On May 8, 1991, the plaintiff appeared before the DOC Commissioner, the defendant Allison Lewis-Smith. At that time, he was offered the option of either voluntarily resigning his position or being discharged from his employment. In response to this offer, the plaintiff submitted his resignation on May 8, 1991. On October 29, 1991, the criminal charges pending against the plaintiff were dismissed. On November 4, 1991, the plaintiff sent a letter to the personnel division of the DOC requesting that he be reconsidered for reinstatement to his former position as a probationary correction officer. By letter dated November 7, 1991, the DOC rejected the plaintiff's request.

On April 24, 1992, the plaintiff commenced this action, alleging that his procedural due process rights under the United States Constitution and 42 USC § 1983 had been violated. The plaintiff's complaint asserted that he had been given only two days to respond to the DOC's complaint, contravening the DOC's rule 3.25.040 requiring that DOC employees be given at least eight days to respond to administrative disciplinary charges proffered against them. The plaintiff further alleged that his procedural due process rights had

been violated because the defendants failed to provide him with a name-clearing hearing upon termination of his employment. Finally, the plaintiff pleaded certain State law claims in that, as a result of the failure of the DOC to follow its own procedural rule, he was denied an opportunity to respond to the charges, his resignation was coerced, and he was being caused to suffer severe physical and mental distress. Based on these claims, the plaintiff sought a judgment declaring, *inter alia,* that the defendants had violated his rights to procedural due process, and further sought an award of compensatory monetary damages. After the plaintiff moved for leave to enter a default judgment, by notice of cross motion dated January 4, 1993, the defendants cross-moved to dismiss the complaint on the grounds that the complaint failed to state a cause of action and that the plaintiff's challenge to his discharge as a probationary correction officer was time barred. In support of their cross motion, the defendants contended that the plaintiff, as a probationary employee, had no property interest in his job and his discharge, therefore, did not violate any constitutional rights to procedural due process. The defendants further argued that the plaintiff failed to establish a constitutional claim for a name-clearing hearing since the complaint failed to allege that the purported defamatory material contained in his personnel file had been published. As to the plaintiff's State law claims, the defendants contended that they were without merit since the plaintiff, as a probationary employee, could be fired at will, and, thus, offering him an opportunity to resign did not constitute coercion. Additionally, the defendants argued that the plaintiff's State claims challenging his dismissal should have been brought in a proceeding pursuant to CPLR article 78, which is required to be commenced within four months of the date of the termination of his employment.

In the order appealed from, the Supreme Court denied the defendants' cross motion. The court found that the plaintiff had clearly framed an action for damages based upon the theory of denial of due process. We are unable to agree with the Supreme Court's ruling.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property" *(Board of Regents v Roth,* 408 US 564, 569). In order to establish a Federal procedural due process claim, the plaintiff must first establish that he possesses a property right in his continued

employment *(see, Bishop v Wood,* 426 US 341). It is well settled that a probationary employee, unlike a permanent employee, has no property rights in his position and may be lawfully discharged without a hearing and without any stated specific reason *(see, Matter of McKenzie v Jackson,* 152 AD2d 1, 8, *affd* 75 NY2d 995; *Matter of York v McGuire,* 63 NY2d 760, 761; *Matter of Connor v Board of Educ.,* 184 AD2d 698; *Matter of Young Ju Park-Cunningham v City of Watertown,* 186 AD2d 1027; *Matter of Engoren v County of Nassau,* 163 AD2d 520, 521). Accordingly, the plaintiff, as a probationary employee, had no legitimate claim of entitlement to his position, and his allegation of a constitutional procedural due process violation based on the defendants' failure to follow rule 3.25.040 is without any merit *(see, Board of Regents v Roth, supra).*

In support of his position, the plaintiff improperly relies on the "trilogy" of Supreme Court cases, *Service v Dulles (supra), Accardi v Shaughnessy (supra),* and *Vitarelli v Seaton (supra),* decided in the 1950's.* Specifically, the plaintiff, in relying on these cases, contends that even if the Fourteenth Amendment of the United States Constitution did not require the DOC to afford him procedural due process in the first instance, once it adopted certain procedures for determining whether an employee should be discharged, the DOC was obliged to follow them. Thus, the argument is made that even if he did not have a property interest in the job itself, he nonetheless possessed a property interest in the procedures for determining whether he should be discharged. The Supreme Court has declined to adopt this anomalous reasoning. The Court's more recent pronouncements, moreover, make clear that the plaintiff's reliance on the older cases of *Accardi, Service,* and *Vitarelli* in support of his present claim is not well taken.

In *Olim v Wakinekona* (461 US 238, 250), the Supreme

---

* In *Service,* the Supreme Court held that while the Secretary of State was under no obligation to provide any procedural protections when terminating foreign service officers, once he adopted regulations setting up procedures, he was bound by those regulations. In *Accardi,* the Supreme Court vacated a deportation order of the Justice Department on the ground that the agency had violated its own rules in failing to exercise independent discretion during the course of a deportation hearing. In *Vitarelli,* the Department of the Interior discharged an employee without following the procedures dictated by the Department's own regulations. The Supreme Court held that the Secretary, having chosen to proceed against the petitioner on security grounds, was bound by the regulations which he himself had promulgated for dealing with cases of this nature.

Court expressly held that an expectation of receiving process is not, without more, an interest protected by the Due Process Clause. In *Olim,* the Court found that since prisoners had no right to remain at any particular facility and could be transferred at will, prison regulations and procedures regarding transfers did not create a constitutionally protected due process interest *(Olim v Wakinekona, supra,* at 248-250). The Court stated that "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement * * * The [s]tate may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the [s]tate does not create an independent substantive right" *(Olim v Wakinekona, supra,* at 250-251; *accord, Hewitt v Helms,* 459 US 460, 471).

The courts have explicitly and repeatedly rejected the proposition that an individual has an interest in a State-created procedural device, such as a hearing, that is entitled to constitutional due process protection *(see, Brandon v District of Columbia Bd. of Parole,* 823 F2d 644; *United States v Jiles,* 658 F2d 194, 200, *cert denied* 455 US 923; *Pugliese v Nelson,* 617 F2d 916, 924-925; *Cofone v Manson,* 594 F2d 934, 938; *Lombardo v Meachum,* 548 F2d 13, 14-16; *Adams v Wainwright,* 512 F Supp 948, 953; *Matter of Holbrook v State Ins. Fund,* 54 NY2d 892; *Matter of Stanziale v Executive Dept., Off. of Gen. Servs.,* 55 NY2d 735). Indeed, the identical claim raised by the plaintiff, namely, that there exists a due process right to have an agency adhere to its regulations, has been rejected as lacking support in law or logic, and as analytically indefensible *(Brandon v District of Columbia Bd. of Parole,* 823 F2d 644, 647, *supra; see also, Shango v Jurich,* 681 F2d 1091, at 1100; *Bills v Henderson,* 631 F2d 1287, 1298-1299). The mere fact that the government has established certain procedures does not mean that the procedures thereby become substantive rights entitled to Federal constitutional protection under the Due Process Clause *(Yale Auto Parts v Johnson,* 758 F2d 54, 58; *Velasco-Gutierrez v Crossland,* 732 F2d 792, 798; *Harris v McDonald,* 737 F2d 662, 665). "Statutory procedural requirements without a separately articulable substantive right do not create a constitutionally protected interest" *(Rudow v City of New York,* 822 F2d 324, 330; *Olim v Wakinekona, supra; Cleveland Bd. of Educ. v Loudermill,* 470 US 532, 541).

The plaintiff "has failed to satisfy the first requirement of

proving a due process violation; he has not demonstrated that he was deprived of a 'property' or 'liberty' interest protected by the due process clause" *(United States v Jiles,* 658 F2d 194, 200, *cert denied* 455 US 923, *supra; see also, Paul v Davis,* 424 US 693). Moreover, the plaintiff has erroneously drawn the legal conclusion that the defendants' failure to follow their own rules amounted to a constitutional violation under *Service v Dulles (supra), Accardi v Shaughnessy (supra),* and *Vitarelli v Seaton (supra).* The Supreme Court has specifically held that these cases upon which the plaintiff relies enunciate principles of Federal administrative law rather than of constitutional law binding upon the States *(see, Board of Curators v Horowitz,* 435 US 78, 92, n 8; *see also, Lieberman v Gant,* 474 F Supp 848, 859, *affd* 630 F2d 60).

The plaintiff's 42 USC § 1983 claim is based solely on the aforementioned arguments, and is also without merit.

■ The plaintiff's further claim that his procedural due process rights have been violated because the defendants failed to provide him with a name-clearing hearing is similarly without any legitimate legal basis. It is well settled that there is no entitlement to a name-clearing hearing where there has been no public disclosure of any allegations affecting the plaintiff's good name or reputation *(Matter of Bonacci v Quinones,* 124 AD2d 659; *Matter of Lentlie v Egan,* 61 NY2d 874; *Matter of Petix v Connelie,* 47 NY2d 457). The complaint alleges only that "false and defamatory charges * * * are contained in plaintiff's personnel file and remain there today". The plaintiff has failed to allege public dissemination, and has thus failed to state a cause of action for a name-clearing hearing *(see, Matter of Thomas v New York Temporary State Comm. on Regulation of Lobbying,* 56 NY2d 656, 658-659; *Supan v Michelfeld,* 97 AD2d 755). The plaintiff's additional contention that the claim should not be dismissed because it is "possibl[e]" that the information might be disseminated is without merit *(Matter of Carlo v City of New York,* 156 AD2d 685, 686).

■ Insofar as the plaintiff alleges State law claims based on the DOC's failure to follow its procedural rule, and based additionally on his alleged "coerced" resignation, these claims were required to be brought in a proceeding pursuant to CPLR article 78 and are presently time barred. The plaintiff's attempt to characterize this case as a "declaratory class action" seeking review of "a continuing policy of DOC", and, therefore, subject to a six-year Statute of Limitations, is

patently without merit. The complaint contains no allegations of this nature. Specifically, there is no mention in the complaint that the DOC's actions constituted a "continuing policy", nor is there mention of any other instance involving other individuals in which a policy of this type was followed. Indeed, the very first time any such allegation appears is in the plaintiff's attorney's reply affirmation to the defendants' cross motion. The plaintiff's present argument that this case is, in actuality, a declaratory judgment class action, rather than an individual claim, appears to be little more than a transparent effort to circumvent the four-month Statute of Limitations (see, Solnick v Whalen, 49 NY2d 224, 229-231). The appropriate vehicle for the plaintiff's challenge to the termination of his employment was a proceeding pursuant to CPLR article 78 (see, Austin v Board of Higher Educ., 5 NY2d 430, 440). The plaintiff resigned on May 8, 1991, but did not institute this action until April 24, 1992, almost one year later. Thus, these claims are clearly time barred (CPLR 217).

Accordingly, the order of the Supreme Court is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, it is declared that the defendants did not violate the plaintiff's right to answer and defend administrative disciplinary charges against him, and the complaint is otherwise dismissed.

LAWRENCE, J. P., SANTUCCI and ALTMAN, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, it is declared that the defendants did not violate the plaintiff's right to answer and defend administrative disciplinary charges against him, and the complaint is otherwise dismissed.