101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
NASSAU COUNTY, Defendant-Appellee,
Daniel D. Jackson, Paul R. Degen, Kathleen G. Vanwallendael,
Appellants.
 No. 95-6398.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 John Ray, Miller Place, NY, for appellants.
 Seth M. Galanter, Dep't of Justice, Washington, DC, for Appellee United States.
 Franklyn H. Snitow, Snitow & Pauley, NY, NY, for Appellee Nassau County.
 Before KEARSE, MAHONEY and McLAUGHLIN, Circuit Judge.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.
 
 
 3
 Proposed intervenors Daniel D. Jackson, Paul R. Degen, and Kathleen G. Vanwallendael ("movants") appeal from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, Judge, denying their motions for mandatory and permissive intervention pursuant to Fed.R.Civ.P. 24(a) and (b), respectively, on behalf of themselves and other individuals who received conditional offers from defendant Nassau County (the "County") of probationary employment with the County's police department. For the reasons below, we affirm.
 
 
 4
 Decisions denying motions to intervene, whether as of right or permissively, are reviewed for abuse of discretion. See, e.g., United States v. Pitney Bowes, Inc., 25 F.3d 66, 69 (2d Cir.1994); New York News, Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir.1992). A motion to intervene is properly denied unless the person seeking to intervene has moved to intervene in a timely fashion and shows, inter alia, that without intervention the disposition of the action may, as a practical matter, prejudice his ability to protect his interests. We see no abuse of discretion here.
 
 
 5
 In the present case, we conclude that the district court correctly ruled that the denial of the motion to intervene would cause no undue prejudice to movants in light of the facts that (a) their offers of probationary employment, received in January 1995, were expressly made conditional upon, inter alia, the extension of police officer eligibility list No. 6152, and (b) at that time, the eligibility list was due to expire on May 1, 1995, at the latest. Thereafter, the court ordered that use of the list could be extended to June 30, 1995, but no further. No unconditional offers had been made to movants by June 30, 1995, and none could be made thereafter. To the extent that movants would have wished the court to order further extensions of the eligibility list until such time as they received unconditional offers, movants should have sought to intervene in the present action in a more timely fashion. In fact, movants made no motion to intervene until September 1995, after one of the prerequisites upon which their offers were conditioned had become unattainable.
 
 
 6
 Nor have movants shown that such cognizable interests as they have cannot be protected unless they are allowed to intervene in the present action. Though they assert due process claims, for example, those claims do not appear to be well grounded. Under New York law, "a probationary employee, unlike a permanent employee, has no property rights in his position and may be lawfully discharged without a hearing and without any stated specific reason...." Meyers v. City of New York, 208 A.D.2d 258, 262, 622 N.Y.S.2d 529, 532 (2d Dep't 1995). Movants' asserted right to the opportunity to become probationary employees is a step farther removed from a property right. To the extent that movants may have contract claims against the County, those claims can be asserted in state court. While movants argue before us that the district court ruled that their contract claims are foreclosed as a matter of public policy, we do not so read the district court's opinion. The district court stated that "[d]enial of the motion to intervene does not preclude movants from seeking redress for a breach of contract claim in a state court proceeding," Memorandum of Decision and Order dated October 24, 1995, at 17; and that "[t]o the extent the [movants'] claim is based on breach of contract, relief can be obtained in the state court.... We do not pass on the merits of any such state claim," id. at 15. This Court does not regard the district court's later policy discussion as contradicting the quoted statements.
 
 
 7
 We have considered all of movants' contentions on this appeal and have found in them no basis for reversal. The order of the district court is affirmed.