**Heidi W. INGRASSIA, Plaintiff,**

v.

**COUNTY OF SULLIVAN, NEW YORK Defendant.**

**No. 02 CIV. 4262(WCC).**

United States District Court,
S.D. New York.

May 2, 2003.

Barry D. Haberman, Attorney At Law, Attorney for Plaintiff, New City, Barry D. Haberman, Esq., Of Counsel.

Appelbaum, Bauman & Appelbaum, Esqs., Attorneys for Defendant, Liberty, Michael Frey, Esq., Of Counsel.

## OPINION AND ORDER

CONNER, Senior District Judge.

Plaintiff, Heidi W. Ingrassia brings this action against defendant, County of Sullivan, pursuant to the Family and Medical Leave Act of 1993 ("FMLA") and the Civil Service Law of the State of New York ("Civil Service Law"). Plaintiff alleges that she was wrongfully terminated because the FMLA required that defendant provide plaintiff the opportunity to submit an application for leave under the FMLA, prior to that termination. Plaintiff further alleges that, under Civil Service Law, she was entitled to a hearing before she was terminated and that her dismissal was a breach of the employment contract with defendant because, as a civil service employee, she could only be terminated for cause. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant moves to dismiss for failure to state a claim for which relief may be granted. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

The following statement of facts is based on the allegations in plaintiff's Complaint, which, for the purposes of this motion, we assume to be true.[1] Plaintiff commenced

---

**1.** On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all of the well pleaded facts as true and consider those facts

her employment with the defendant on or about December 19, 1984. (Complt.¶ 13.) Plaintiff was a full-time employee of defendant from the date of hire until her termination of employment. The most recent job classification of plaintiff while employed by defendant was Senior Social Welfare Examiner, a civil service employee position covered by all of the provisions of the Civil Service Law. (*Id.* ¶¶ 14–16.) In November 1999, plaintiff became seriously ill, requiring hospitalization for an extended period of time. (*Id.* ¶ 24.) In the next two years, plaintiff was again seriously ill. Specifically, beginning in September of 2000, plaintiff became severely ill, suffering from acute pancreatitis. (*Id.* ¶¶ 27–28.) On or about March 2, 2001, defendant commenced an action against plaintiff pursuant to Civil Service Law, section 72 due to plaintiff's excessive absences. Plaintiff and defendant entered into a stipulation dated July 17, 2001 wherein defendant, in settling the section 72 charges, placed plaintiff on a term of probation for a period of seven months, requiring her to limit sick leave to no more than 18 hours (2 days and 2 hours). Paragraph three of the stipulation stated that "This condition of probation shall not apply to a leave for an extended illness, provided such illness is documented and Ms. Ingrassia provides medical documentation to support granting of said extended leave." (*Id.* ¶ 62.) On September 10, 2001, an addendum to the stipulation was signed and entered into outlining additional obligations plaintiff undertook as a condition of her employment.

Plaintiff claims that all absences resulting from her illnesses were properly documented, as required by defendant's policies. (*Id.* ¶ 30.) On November 5, 2001, defendant terminated the employment of plaintiff, effective that date. Defendant cited plaintiff's failure to meet the requirements of her probation as the reason for her termination. Prior to her termination, plaintiff was not afforded the opportunity to request leave under the FMLA. (*Id.* ¶ 32.) Additionally, at the time of plaintiff's termination, defendant did not provide plaintiff with notice of a hearing or a hearing justifying the termination of employment pursuant to Civil Service Law, section 72. Plaintiff claims that her termination was unlawful and in breach of her employment contract with defendant. Plaintiff is seeking reinstatement to her previous position and compensation as if the termination had never occurred with back pay in the amount of $25,000, front pay in the amount of $700,000, and health benefits and pension funding in the amount of $250,000. (*Id.* ¶ 82.)

## DISCUSSION

### I. *Standard on Motion to Dismiss*

As previously noted, on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all of the well pleaded facts and consider those facts in the light most favorable to the plaintiff. *See* cases cited, *supra* note 1. On such a motion, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. A Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir.1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Generally, "[c]onclusory allega-

in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183,

104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir.1993); *In re AES Corp. Sec. Litig.*, 825 F.Supp. 578, 583 (S.D.N.Y.1993) (Conner, J.).

tions or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed.1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir.1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, are insufficient as a matter of law. *See Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978).

■ In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the Complaint, documents attached as an exhibit thereto or incorporated by reference, *see* FED. R. CIV. P. 10(c); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir.1996), and documents that are "integral" to plaintiff's claims, even if not explicitly incorporated by reference. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46–48 (2d Cir.1991); *Lee v. State of New York Dep't of Corr. Servs.*, No. 97 Civ. 7112, 1999 WL 673339, at *2 n. 4 (S.D.N.Y. Aug. 30, 1999); *United States Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.-Petrobas*, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) ("the Court can consider documents referenced in the Complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing their suit.").

## II. *FMLA*

In her first cause of action, plaintiff claims that her termination was in violation of the FMLA. The FMLA entitles eligible employees to take up to twelve weeks of unpaid leave in a twelve-month period because of, *inter alia*, the birth of a child or a serious health condition that makes the employee unable to perform the functions of her job. 29 U.S.C. § 2612(a). Following such a leave, the employee is entitled to reinstatement to her former position or an equivalent one. *Id.* § 2614(a). The FMLA prohibits employers from interfering with, restraining, or denying the exercise of any right provided by the statute. *Id.* § 2615(a)(1).

The parties disagree as to whether plaintiff was ever eligible for FMLA benefits. The FMLA defines an "eligible employee" as one who has been employed (1) for at least twelve months by the current employer, and (2) for at least 1250 hours of service with that employer during the previous twelve-month period. *Id.* § 2611(2)(A). To determine "hours of service," the FMLA instructs that the legal standards employed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, shall apply. *Id.* § 2611(2)(C). Under the FLSA, hours of service include only those hours that an employee actually works; time off for vacation, holiday, or illness is excluded. *Id.* § 207(e)(2).

■ Defendant argues that plaintiff has failed to demonstrate that she qualified for FMLA protection at the time of her termination because she did not work the requisite 1,250 hours in the 12–month period prior to her termination. In support of its contention, defendant directs our attention to the payroll records of plaintiff attached as an exhibit to defendant's memorandum of law. (Def. Mem. Supp. Mot. Dismiss at 2, Ex. C.) However, as plaintiff points out, in considering a motion to dismiss pursuant to 12(b)(6), the Court may consider only facts alleged in the Complaint or in documents attached to the Complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993). Turning to the Complaint, the

only allegation therein relating to the 1,250 hour requirement is an allegation that plaintiff worked "over 1,250 hours for the year ending December 31, 2000." (Complt.¶ 26.) Plaintiff acknowledges that this allegation is deficient in that the Complaint fails to specify that plaintiff was employed for at least the requisite 1,250 hours from November 5, 2000 through November 5, 2001. (Pl. Mem. Opp. Mot. Dismiss at 7.) Thus, the Court grants defendant's motion to dismiss plaintiff's FMLA claim for failure to state a claim for which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). However, because the 1,250–hour requirement is the only basis for defendant's challenge to plaintiff's FMLA claim, plaintiff may, pursuant to FED. R. CIV. P. 15(a), have leave to amend her Complaint to allege compliance with the eligibility requirements of the FMLA claim.[2] *See Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123 (2d Cir.1991) (indicating that the district courts should ordinarily grant leave to amend whenever they dismiss complaints pursuant to Rule 12(b)(6)).

### III. *Article 78: Applicability to Civil Service Law and Breach of Contract Claims*

Although the parties have failed to address the point, in assessing the legal sufficiency of plaintiff's remaining claims for Civil Service Law violations and breach of contract, we must first determine whether these claims are barred as a result of plaintiff's failure to have first brought an article 78 proceeding to establish the wrongfulness of her termination. New York courts have held that a·successful article 78 proceeding for reinstatement is a prerequisite to a claim for damages by a discharged public employee. *Finley v. Giacobbe,* 79 F.3d 1285 (2d Cir.1996) (quoting *Austin v. Board of Higher Education,* 5 N.Y.2d 430, 186 N.Y.S.2d 1, 9, 158 N.E.2d 681 (1959); *see also Meyers v. City of New York,* 208 A.D.2d 258, 622 N.Y.S.2d 529, 534 (N.Y.App.Div.1995) ("the appropriate vehicle for the plaintiff's challenge to the termination of his employment was a proceeding pursuant to CPLR article 78"); *Faillace v. Port Auth.,* 517 N.Y.S.2d 941 (N.Y.App.Div.1987) (breach of employment contract claim must be brought in "a CPLR [a]rticle 78 proceeding and not [in] an action at law")). Even non-tenured or probationary employees must invoke article 78 for review of dismissals that are allegedly arbitrary, capricious, or prohibited by statute or the constitution. *See Meyers v. City of New York,* 622 N.Y.S.2d 529 at 534 (action at law brought by probationary employee was "required to be brought in a proceeding pursuant to CPLR article 78 and [is] presently time-barred ...". However, it is just as clear that article 78 is inapplicable to contract actions against the state government that seek damages as the principal remedy. *Golomb v. Board of Educ.,* 92 A.D.2d 256, 460 N.Y.S.2d 805 (N.Y.App.Div.1983); *Automated Ticket Sys., Ltd. v. Quinn,* 70 A.D.2d 726, 416 N.Y.S.2d 864 (N.Y.App. Div.1979).

The Second Circuit has considered this seeming contradiction to be reconciled by New York's view that public employment claims were historically based on principles of property rather than contract:

... New York is heir to ancient common law principles that analyze public em-

---

**2.** Plaintiff states that, if given the opportunity, she would amend the Complaint to state that she has been employed for at least 1,250 hours during the period November 5, 2000 through November 5, 2001. (Pl. Mem. Opp. Mot. Dismiss at 8.) This amendment would cure plaintiff's pleading deficiency. *See Murphy v. Cadillac Rubber & Plastics, Inc.,* 946 F.Supp. 1108, 1122 (W.D.N.Y.1996) (denying leave to amend based on futility of plaintiff's proposed amendments).

ployment cases, including salary claims, as matters of property rather than contract law: An officer holds title to his office, and a tenured employee holds title to his position; therefore removal or dismissal in violation of law is analyzed in terms of ouster rather than defeasance of title or breach of contract, thus permitting recourse to proceedings under . . . article 78 to obtain reinstatement to the office or position and all its emoluments.

*Finley,* 79 F.3d at 1292 (quoting *State Div. of Human Rights on Complaint of Geraci v. New York State Dep't of Corr. Servs.,* 90 A.D.2d 51, 456 N.Y.S.2d 63, 75 (N.Y.App. Div.1982)).

 It is clear that in the instant case, the gravamen of plaintiff's Complaint is a challenge of defendant's decision to terminate her employment. As a result, plaintiff's claims should have been presented first by way of an article 78 proceeding. *See Finley,* 79 F.3d at 1292 (stating that article 78 proceedings are proper where a public employee contests an official agency decision to terminate her).[3] Plaintiff's specific reference to breach of contract in count 3 of her Complaint does not alter our conclusion. In *Finley,* the plaintiff, in an attempt to circumvent the article 78 prerequisite, cast her claim as one for breach of the "fundamental terms of her employment relationship" rather than as a challenge to an administrative decision to terminate her. *Finley,* 79 F.3d at 1292. However the Second Circuit rejected this approach because the plaintiff's case involved termination rather than suspension. The *Finley* court reasoned that, "[w]rongful suspension denies the employee salary during the period of employment and may therefore be viewed in terms of a contract

right." *Id.* at 1293. Here plaintiff was terminated from her employment with defendant. Therefore, plaintiff's breach of contract claim does not involve a contract right properly reviewable by this Court. Article 78 proceedings are governed by a four-month statute of limitations. N.Y. C.P.L.R. § 217. Because this limitations period has expired, plaintiff can no longer pursue an article 78 proceeding in any court. Consequently, we grant defendant's motion to dismiss as to plaintiff's Civil Service Law and breach of contract claims.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss the Complaint is granted with prejudice insofar as it concerns plaintiff's claims for Civil Service Law violations and breach of contract. Plaintiff's FMLA claim is dismissed without prejudice. Plaintiff shall have leave to amend her Complaint within thirty days from the date of this decision to allege that she was eligible for FMLA benefits, provided she has a basis for such allegation.

SO ORDERED.

---

**3.** In assuming that the plaintiff was ousted, the *Finley* court announced that "all claims on appeal (including her back pay claim) depend on a right to reinstatement, an issue that, as *Austin* requires and the district court held, must be first addressed in an article 78 proceeding." *Finley,* 79 F.3d at 1293.